**Dood D. McDOUGAL,**
**Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 86–4898**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 8, 1987.

Dood D. McDougal, pro se.

Michael L. Paup, Chief, Appellate Section, William F. Nelson, Chief Counsel, IRS, Roger M. Olsen, Asst. Atty. Gen., Tax Div., Dept. of Justice, Gary R. Allen, Thomas R. Lamons, Washington, D.C., for respondent-appellee.

Before POLITZ, WILLIAMS and JONES, Circuit Judges.

POLITZ, Circuit Judge:

Today, Dood D. McDougal joins the ranks of dissident taxpayers who persist in pursuing wasteful, totally meritless litigation, in order to delay the payment of federal income tax. We affirm the decision of the Tax Court and impose sanctions for a patently frivolous appeal.

### Background

McDougal failed to file appropriate returns for the years 1981 and 1982. His employers for those years submitted W-2 forms indicating the payment of wages to McDougal of $34,259 in 1981 and $20,453 in 1982. On the 1981 return McDougal filled in his name and marital status, and claimed one exemption for himself. He responded "none" or "object—self-incrimination" to all remaining inquiries. His 1982 return was more of the same, to which he added a claim of exemptions for three children.

Based on the information in its possession, the Internal Revenue Service computed McDougal's tax liability which, with statutory penalties, totaled just over $26,-000.

McDougal petitioned the Tax Court, claiming that the IRS Notices of Deficiency were erroneous and that his fifth amendment privilege against self-incrimination would be violated if he were compelled to furnish the relevant information. Despite the Tax Court's warning that it had recently dismissed a petition raising these exact issues, McDougal persisted. At trial he asserted the fifth amendment and refused to testify. McDougal was found in contempt and jailed. He then relented and testified, claiming exemptions for a wife and children and maintaining that he was being penalized for exercising his constitutional rights. He offered no evidence to support his claims.

The Tax Court found that McDougal had not proven his case and rejected his demands. He was ordered to pay the amounts computed by the IRS, plus an additional $5,000 as a sanction for a frivolous petition. McDougal appeals, contending that: (1) it is unconstitutional to tax wages; (2) he should not be penalized for exercising his fifth amendment rights; (3) he was denied his rights to counsel and to petition the government for redress; (4) he should not have been held in contempt of court; and (5) the disallowance of the claimed exemptions was arbitrary.

### Analysis

■ We have repeatedly rejected the arguments that wages may not be taxed and that one may avoid providing the required data on a tax return by claiming the fifth amendment privilege against self-incrimination. *See, e.g., Capps v. Eggers,* 782 F.2d 1341 (5th Cir.1986); *Stelly v. Commissioner,* 761 F.2d 1113 (5th Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 149, 88 L.Ed.2d 123 (1985); *United States v. Shivers,* 788 F.2d 1046 (5th Cir.1986); *United States v. Johnson,* 577 F.2d 1304 (5th Cir.1978). With regard to his fifth amendment claim advanced at trial, McDougal made no showing whatever that any danger of self-incrimination would result from his furnishing the relevant tax data. *Steinbrecher v. Commissioner,* 712 F.2d 195 (5th Cir.1983). And as the Supreme Court held several years ago, a taxpayer may not invoke the fifth amendment in satisfaction of his burden of proof in a civil proceeding he initiated. *United States v. Rylander,* 460 U.S. 752, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983); *Steinbrecher.*

■ McDougal bore the burden of proving that the IRS deficiency determinations were erroneous. *Welch v. Helvering,* 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed.2d 212 (1933). The record fully supports the Tax Court's findings and conclusions that McDougal failed to meet his burden of proof.

■ Furthermore, we find no merit in the contentions that McDougal was denied his constitutional rights to counsel and to petition for redress, nor do we perceive any merit in the claim that he should not have

been found in contempt for his actions before the Tax Court. That court was careful to alert McDougal to the consequences of his refusal to testify, and acted well within its discretion to protect the integrity of its proceedings.

In response to the continuing flow of frivolous tax case appeals, we have been compelled to impose sanctions pursuant to Federal Rule of Appellate Procedure 38, frequently *sua sponte. See, e.g., Parker v. Commissioner,* 724 F.2d 469 (5th Cir.1984); *Steinbrecher; Knighton v. Commissioner,* 702 F.2d 59 (5th Cir.), *on rehearing,* 705 F.2d 777 (5th Cir.), *cert. denied,* 464 U.S. 897, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983). We have recently found it necessary not just to award double costs to the Commissioner, but to assess dollar amounts against the recalcitrant taxpayer. *E.g., Stelly v. Commissioner,* 808 F.2d 442 (5th Cir.1987); *Hallowell v. Commissioner,* 744 F.2d 406 (5th Cir.1984); *Crain v. Commissioner,* 737 F.2d 1417 (5th Cir.1984). *See also Farguson v. MBank Houston, N.A.,* 808 F.2d 358 (5th Cir.1986); *McGoldrick Oil Co. v. Campbell, Athey & Zukowski,* 793 F.2d 649 (5th Cir.1986) (awarding flat dollar amounts for frivolous appeals in non-taxpayer cases).

■ This case is of that ilk. McDougal's claims are totally frivolous. They were advanced in the teeth of firmly established rules of law for which there is no arguably reasonable expectation of reversal or favorable modification. McDougal seeks only to delay the inevitable, and in so doing, he has occasioned the waste of limited governmental and judicial resources, unduly impeding the court's ability to resolve the meritorious claims of other litigants. This abuse of the system and citizenry cannot be tolerated.

We impose monetary sanctions in the amount of $1,000 against McDougal, payable to the clerk of this court, for ultimate deposit into the Treasury of the United States. 28 U.S.C. § 711(c); *Farguson.* Further, until such time as this monetary sanction is paid in full, McDougal may not file any proceeding before this court or any court over which we have supervisory jurisdiction, without the prior approval of this court or of the forum trial court. *Stelly,* 808 F.2d 442 (5th Cir.1987).

AFFIRMED.