852 F.2d 806
 11 Fed.R.Serv.3d 1556
 Ann COGHLAN, Plaintiff-Appellant,
v.
Donald STARKEY, Emmett Perrilloux, Anthony S. Arnone,
Stanley Howes, Joseph W. Potasnick and Waterworks
District No. 2 of Tangipahoa Parish,
Louisiana, Defendants-Appellees.
 No. 87-3668.
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 8, 1988.
 Ralph Brewer, Baton Rouge, La., for plaintiff-appellant.
 Robert W. Tillery, Ponchatoula, La., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before GEE, RUBIN, and SMITH, Circuit Judges.
 SUPPLEMENTAL OPINION
 PER CURIAM:
 
 
 1
 Appellant Ann Coghlan brought suit under 42 U.S.C. Sec. 1983 against the local Waterworks District and its Board of Commissioners, asserting violation of her constitutional rights in that the defendants refused to perpetuate the free water service she had enjoyed for several years. The district court, on the basis of a magistrate's hearing and recommendation, denied all relief. We previously affirmed that judgment. 845 F.2d 566 (5th Cir.1988).
 
 
 2
 At that time we raised, sua sponte, the possible propriety of sanctions for frivolous appeal pursuant to Fed.R.App.P. 38 and gave Coghlan's attorney an opportunity to show cause why sanctions should not be imposed. Counsel's memorandum, setting forth his position on the assessment of sanctions, has been considered, but it argues little against the propriety of sanctions for appeal in a case in which, as here, there was no reasonable, good-faith argument advanced for the extension, modification, or reversal of precedent clearly elaborated by the opinion below. Instead, Coghlan's attorney cites us to numerous out-of-circuit cases where more egregious appellate conduct was sanctioned, reminding us that this appeal was taken in subjective good-faith and in the earnest hope that we would draw conclusions, from the nearly undisputed facts, different from those reached by the magistrate in accordance with clear precedent. Such a response not only fails to explain why this appeal should not be considered frivolous, but underscores that counsel must have pursued this litigation without any reasonable basis for belief that Coghlan's constitutional claims would prevail on the merits.
 
 
 3
 We accept counsel's admonition that it was he and not his indigent client who decided to prosecute this case further. After review of the memorandum and affidavit filed by appellee Waterworks District, setting forth the time and expense incurred by it in responding to this frivolous appeal, we find $1,350.00, the amount submitted by appellee's counsel, to be a reasonable attorneys' charge for its appellate defense, based upon the reasonable hourly fee of $75. Accordingly, we ORDER appellant's counsel personally to pay such sum over to appellee, in addition to the costs normally taxable against the nonprevailing party. Coghlan shall remain ultimately liable only for said single costs, but she and her attorney may apportion this routine award between themselves as they see fit.
 
 
 4
 I. OUR PURPOSE.
 
 
 5
 In this case, unlike some of the others cited, the appellee did not move for sanctions on appeal, or, for that matter, in the district court; nonetheless, there is no question that the courts of appeals have the ability to impose sanctions sua sponte.[1] Appellant seems to argue that an imposition sua sponte of sanctions upon a finding that an appeal was frivolous "ought to be severely limited to extraordinary cases" in which delay, harassment, obstinancy, or other improper purpose aggravates the unreasonableness of taking the appeal. While some cases have relied upon such evidence of bad faith, ill purpose is in no way a necessary element for imposition of sanctions under rule 38. And while rule 38 sanctions are often imposed, especially in tax cases, after the litigant had been sanctioned below for frivolous conduct, the district court does not need to have imposed sanctions, or explicitly denominated the case as frivolous, for the court of appeals to find that the appeal was frivolous and without merit. "That the district court did not find appellant's charges so redundant and frivolous as to warrant sanctions does not preclude a contrary decision on appeal." Freeze v. Griffith, 849 F.2d 172, 176, (5th Cir. 1988) (sanctions against pro se prisoner pursuant to 28 U.S.C. Sec. 1915(e)) (citing Lay v. Anderson, 837 F.2d 231, 232 (5th Cir.1988)). Similarly, an appellant does not have to conduct the appeal in a manner sanctioned in other cases in order for us to view the appeal as necessarily lacking plausible argument following a clean disposition of the relevant issues by the district court.
 
 
 6
 Counsel continually argues, in explanation of his pursuit of Coghlan's baseless claim, that he believed in good faith that recitation of the facts ought easily to have led us to a conclusion diametrically opposed to that reached by the magistrate. Thus, Coghlan's attorney asserts that "[i]n other words, the magistrate should have found under the facts that Coghlan possessed a constitutionally protected property interest to receive water service," and that this appellate panel "should" more readily have disregarded the controlling case law to substantiate such a "compelling" claim. In part, Coghlan's counsel responds to our show cause notice as follows:
 
 
 7
 Argument could be made without extensive citation of authority. Counsel's brief therefore contained the argument that the magistrate's conclusion was incorrect, based upon the very facts found by the magistrate and based upon the very law the magistrate cited.
 
 
 8
 Somehow, the three judge panel of this court to which this case was allotted rejected what counsel in good faith believed to be a strong contention that Coghlan was a consumer/customer of the Waterworks District and possessed a constitutionally protected property interest. The panel affirmed the magistrate in [a] seven page opinion....
 
 
 9
 Somehow, also the three judge panel of this court found Coghlan's claim was unfounded. This court, therefore, in effect determined Coghlan abused her right of appeal.
 
 
 10
 However, it is not Coghlan's right to appeal the judgment against her that is at issue; rather, the point is that her entirely "frivolous" appeal is an unjustified consumption of appellate resources, which, "in addition, has put the appellee to heavy expense required to analyze the record, brief the issues and argue the case." Bank of Canton, Ltd. v. Republic Nat'l Bank, 636 F.2d 30, 31 (2d Cir.1980). In contemplating sanctions for an appellate brief that fails to argue any case law, makes hardly any attempt to distinguish precedents relied upon below, argues the merits in the most conclusory fashion, and offers no independent legal analysis different from that decisively rejected by the district court, we follow the identical course we established in other cases.[2] In this regard, another circuit recently commented:
 
 
 11
 It is human nature to crave vindication of a passionately held position even if the position lacks an objectively reasonable basis in the law. Although we have no reason to believe that the company or its counsel was acting in bad faith, ... the company's briefs and oral argument failed to identify any arguable error in the district court's decision.... We have gone on at such length not because the question of the validity of the arbitrator's award is difficult but to make clear that the company's attack on the award was frivolous, thus entitling the union to attorney's fees.
 
 
 12
 Dreis & Krump Mfg. Co. v. Int'l Ass'n of Machinists, 802 F.2d 247, 255-56 (7th Cir.1986).[3]
 
 
 13
 The purpose of this lengthy review of current sanctions cases is to elaborate clearly for counsel herein, and for all practioners, that there can be little tolerance for unmerited appeals without articulable support in the law. Appeal as of right does not translate into propriety of appeal when counsel can make no reasonable argument for extension, modification, or reversal of precedent clearly elaborated by the district court opinion. Another circuit court of appeals recently took the time to readdress a rule 38 award it had imposed:
 
 
 14
 When the appellant files an appeal, he asks for this court's attention. [T]he notion that an appellant has an untrammelled right of review cannot shift the burden of going forward to the appellee.... Appellee should not be forced to endure the expense and anxiety of waiting unnecessarily to have its dispute resolved. With so many worthy claims waiting to be resolved, we cannot tolerate unfounded and undeveloped claims [to clog our docket and consume appellate time and resources].
 
 
 15
 Reliance Ins. Co. v. Sweeney Corp., 792 F.2d 1137, 1139 (D.C.Cir.1986) (per curiam) (in opinion affirming summary judgment, panel sua sponte ordered appellant and its attorney to show cause why sanctions should not be imposed; appellant filed no response and, based upon affidavit of appellee, $5220.00 was awarded).[4]
 
 
 16
 II. THE PURPOSE OF RULE 38.
 
 
 17
 The magistrate's decision dispelled any claim that there was a colorable constitutional deprivation. Disregarding the magistrate's recommendation that each party bear its own costs, the district court ordered Coghlan to pay the Waterworks District's taxable expenses. Because of the totally unfounded nature of the constitutional claim here advanced, the district court was entirely justified in imposing costs upon the plaintiff. That action alone should have suggested to Coghlan that her claim was more than merely meritless--the law was and is well settled that the claim was unsupportable and unreasonable.
 
 
 18
 However, assertedly having reviewed the judgment against Coghlan and examining the case law, her attorney on appeal agreed to bring the case to this court. With what independent judgment he determined that success on the facts could be obtained totally evades our imagination; no attorney who made a diligent inquiry into the state of the law when this appeal was taken could have thought the suit had any possible merit.[5] Nonetheless, he filed notice of appeal and prepared the brief.
 
 
 19
 Though novel constitutional theories should not be chilled, costs and attorneys' fees are merited for a frivolous appeal the result of which is obvious from the comprehensive and decisive exposition of the law by the judge below.[6] With respect to a factually and legally frivolous pro se usury, fraud, and RICO complaint sanctioned by the district court under Fed.R.Civ.P. 11 and on appeal under rule 38, we recently commented that, even when constitutional violations are not alleged,
 
 
 20
 [t]his court has no desire to deter any litigant from advancing any claim or defense which is arguably supported by existing law, or any reasonably based suggestion for its extension, modification, or reversal. Positions thus taken cannot be considered as frivolous, although they may be unsuccessful and indeed may be given short shrift. But claims outside of this broad umbrella may prove frivolous.
 
 
 21
 Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir.1986).[7]
 
 
 22
 An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit. See, e.g., Atwood v. Union Carbide Corp., 847 F.2d 278, (5th Cir.1988) (partial attorneys' fees for frivolous appeal).[8] Appeal here was patently frivolous, even if the original suit, arguendo, was not entirely devoid of colorable merit. See Seyler v. Seyler, 678 F.2d 29 (5th Cir.1982) (costs below were inappropriate, but taxing appellate costs and attorneys' fees warranted). This appeal was taken "in the face of clear, unambiguous, dispositive holdings of this and other appellate courts." Capps v. Eggers, 782 F.2d 1341, 1343 (5th Cir.1986). See McDougal v. Comm'r, 818 F.2d 453, 455 (5th Cir.1987) ("[Appellant's claims] were advanced in the teeth of firmly established rules of law for which there is no arguably reasonable expectation of reversal or favorable modification."); Stelly v. Comm'r (where the baselessness of the challenge had been fully elaborated by both the IRS and the Tax Court, the pro se plaintiffs understood the legal issues and were subject to sanctions); Cummings v. United States, 648 F.2d 289 (5th Cir. Unit A Jun. 1981) (sanctions for frivolous appeal where subject-matter jurisdiction patently lacking).[9]
 
 
 23
 We accept arguendo that the appeal here was not taken merely to vex the Waterworks District. Nonetheless, the appeal was patently meritless and had as its natural consequence further unwarranted expense and inconvenience for the defendants. Thus, we must consider whether sanctions are necessary both to compensate the Waterworks District and the Commissioners for their defense of the appeal and to penalize plaintiff and her attorneys for needless consumption of appellate time and resources.
 
 
 24
 At least two categories of sanctions are available: costs and attorneys' fees. One of the applicable provisions on appeal, rule 38, provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." This court recently has confirmed the viability of this provision by assessing both double costs and attorneys' fees in frivolous appeals.[10] Other circuits have done the same.[11]
 
 
 25
 However, we conclude that the circumstances of this case are not egregious enough to justify compensation of the prevailing party beyond its actual out-of-pocket outlays on appeal. Hence, we will not impose both attorneys' fees and double costs here. Nonetheless, the actions of plaintiff's counsel are sufficient to suggest the propriety of an award of attorneys' fees in addition to the single costs normally assessed as of right against the losing party.
 
 
 26
 Accepting that counsel in good faith believed the magistrate's decision to be erroneous, our point is that counsel's good-faith impression was unreasonable in light of the magistrate's clear exposition of the law and the attorney's total inability to distinguish dispositive authority or make rational argument for the extension, modification, or reversal of precedent. Rule 38 concerns are amply raised in this case by conclusory assertions of an alleged right in an appellate brief that cites only two cases, and fails to explain even those two.[12]
 
 
 27
 In Operating Eng'r Pension Trust v. Cecil Backhoe Serv., Inc., 795 F.2d 1501, 1508 (9th Cir.1986), the appellants' main contention, "to which they devote only two pages of their brief, and in support of which they cite only inapposite authority, satisfie[d] the test of frivolity." And as to the inclusion of Coghlan's ulcer and other medical records to establish her "need" for continued water service, irrelevant evidence and arguments have been recognized to justify rule 38 sanctions. Even though one of the appellee's contentions was not frivolous in Granado v. Comm'r, 792 F.2d 91, 94 (7th Cir.1986) (per curiam), cert. denied, --- U.S. ----, 107 S.Ct. 1378, 94 L.Ed.2d 692 (1987), $1,500 and double costs were appropriate because 22 of the 24 pages of the opening brief were devoted to unsubstantiated and largely irrelevant legal positions.
 
 
 28
 Similarly, the Second Circuit has held that an honest belief in the merits of a claim, and the subjective feeling that a litigant has been denied a fair hearing, do not excuse an appellate brief that "ignores significant issues and facts while deploying a smokescreen of irrelevant and tangential issues." Brady v. Chem. Constr. Corp., 740 F.2d 195, 202 (2d Cir.1984). The parallel between Brady and the present case is evident. The Waterworks District's repeated concessions and other factual information were obscured or omitted in the appellant's brief. Coghlan and her counsel continue to champion her cause because the original bill was based upon an erroneous commercial rate. Not only was this billing error speedily corrected long before litigation and thus totally irrelevant to the constitutional claim, but the entire backbill has been waived and removed as an impediment to her obtaining water service. Indeed, their emphasis on the unreasonableness of surprising her with a $206.22 bill only weakened their appeal, because it underscored the lengths to which the District went to accommodate her. This was almost the case in Bank of Canton, Ltd. v. Republic Nat'l Bank, 636 F.2d 30, 31 (2d Cir.1980), where the defendant was fined double costs and attorneys' fees because the trial record indicated that the reasons advanced on appeal for dishonoring the commercial paper "were totally lacking in merit or were remedied [by the plaintiff] before the letter of credit expired."
 
 
 29
 While the facts in Brady might have indicated that appeal was taken "to avoid or at least delay contractual obligations," 740 F.2d at 202, both Brady and Bank of Canton establish that neither delay nor bad purpose are necessary elements to imposition of sanctions after a finding of frivolity. Bad faith may aggravate the circumstances justifying sanctions,[13] but harassment of appellants, delay, and other ill practice are not required elements. See Fed.R.App.P. 38 advisory committee note (citing Dunscombe v. Sayle, 340 F.2d 311 (5th Cir.), cert. denied, 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62 (1965)). While the court in Reliance Ins. Co. v. Sweeney Corp., 792 F.2d at 1139, could postulate no "purpose other than to harass and delay" in the unsubstantiated and largely unelaborated appellate argument, the court commented:
 
 
 30
 While the language of Sec. 1927 suggests deliberate misbehavior, subjective bad faith is not necessary; attorneys have been held accountable for decisions that reflect a reckless indifference to the merits of a claim.
 
 
 31
 Id. at 1138.[14] Thus, it is not bad faith that establishes frivolity of appeal, but that an unreasonable legal position is advanced without a "good faith belief that it is justified." Clark v. Green, 814 F.2d 221, 223 (5th Cir.1987). Accord, Moore v. City of Des Moines, 766 F.2d at 346 ("In the present case we hold that although the City's appeal is in good faith, the City has failed to show the district court abused its discretion [and, because there was no colorable merit in the assignments of error, attorneys' fees and appellate costs are due civil rights plaintiffs as reasonable damages].").[15]
 
 
 32
 Although rule 38 is denominated "Damages for Delay," the body of the rule provides that damages may be awarded for any frivolous appeal, because such meritless claims impose "an unnecessary burden on this court and [tend to infringe upon] the rights of appellees." Hagerty v. Succession of Clement, 749 F.2d at 222 & n. 3 ("legal contentions lack any arguable merit, and are long-settled against him"). See Texas v. Gulf Water Benefaction Co., 679 F.2d 85, 87 n. 1 (5th Cir.1982) ("[T]he courts of appeals quite properly allow damages, attorney's fees and other expenses incurred by an appellee if the appeal is frivolous without requiring a showing that the appeal resulted in delay.").[16]
 
 
 33
 Penalizing this waste of appellate resources, as much as compensation for damages suffered by prevailing parties, is the justification for sanctions. See Fed.R.App.P. 38 advisory committee note (damages appropriate in frivolous appeals "as a matter of justice to the appellee and as a penalty against appellant."). The Second Circuit has stated concisely the principles involved:
 
 
 34
 If any doubts existed about the frivolousness of this appeal, we would let the matter rest [with dismissal, but this] appeal is so completely frivolous as to render its prosecution an abuse of the appellate process which, in addition, has put the appellee to heavy expense required to analyze the record, brief the issues and argue the case.
 
 Bank of Canton, 636 F.2d at 31.[17]
 
 35
 We have ourselves noted, in the context of frivolous tax appeals, the public policy justifications underlying rule 38:
 
 
 36
 Frivolous appeals unjustly burden the resources of the court and the government. The devotion of limited resources and time to these meritless cases causes deserving litigants to wait. In addition, the opposite party is delayed in receiving the just benefits of the trial court's judgment until the appeal is concluded. Justice delayed is justice denied. Sanctions are imposed to deter such suits.... [W]hen the claim advanced is unreasonable, or it is not brought with a reasonable good faith belief that it is justified ... in light of the overwhelming and longstanding precedent refuting appellants' arguments[, sanctions are necessary.]
 
 
 37
 Stelly, 761 F.2d at 1116. See Farguson v. MBank Houston, N.A., 808 F.2d 358, 360 (5th Cir.1986). While the point is not decisive in our minds because a major purpose of the sanctions is to deter attorneys from further wasting the courts' time, we note that reimbursement of defense costs here, as in the tax cases, is made to a governmental entity, and so payment will inure to the public benefit. See George v. Texas, 788 F.2d 1099, 1102 (5th Cir.), cert. denied, 479 U.S. 866, 107 S.Ct. 226, 93 L.Ed.2d 153 (1986); In re Cosmopolitan Aviation Corp., 763 F.2d 507, 517 (5th Cir.1985).
 
 
 38
 In Stelly, even pro se plaintiffs were charged with knowledge of "precedent which uniformly denied validity to their position." 761 F.2d at 1116.[18] Here, the appellate brief indicts counsel as having recognized that no authority supports the claim. Not only was there scant discussion of adverse decisions cited by the magistrate, but only two cases were even named in the brief. This is poor appellate practice and an abuse of the appellate process.[19]
 
 
 39
 Plaintiff Coghlan may have been unreasonable in her obdurate rejection of concession after concession,[20] but blame for this appeal rests upon her attorney, and usually so should the burden of any sanctions. In re Cosmopolitan Aviation Corp., 763 F.2d 507 (2d Cir.1985). As we held in Hagerty v. Succession of Clement, the purpose of sanctions is to discourage meritless litigation and specifically frivolous appeals; penalizing the plaintiff "will not guarantee that his attorney will be directly affected or that he will be deterred from bringing similar frivolous appeals in the future." 749 F.2d at 222.[21]
 
 
 40
 There is ample authority for imposing upon the attorney personally, or upon the attorney and his client in solido, or upon them in specified proportions, any attorneys' fees awarded in a frivolous appeal.[22] In these cases, 28 U.S.C. Sec. 1927 is used in tandem with rule 38 as the basis for charging attorneys' fees in whole or in part to appellant's counsel personally.[23] But many cases under rule 38 assess sanctions against offending counsel, alone or jointly with the client, without reliance upon any authority other than rule 38. Sparks v. NLRB, 835 F.2d 705 (7th Cir.1987); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 675 (9th Cir.1981).
 
 
 41
 Because appellee Waterworks District has now filed an affidavit of hours expended in defense of this appeal, we need not follow our common procedure of remanding to the district court for the fixing of the fee.[24] Both the hourly rate and the time documented were reasonable, because, though ultimate victory was amply apparent from even cursory research, factual review and briefing of the case had to be addressed seriously and conscientously. Accordingly, we set the fee award at the sum of $1,350.00, as documented by appellee's counsel, and direct Coghlan's attorney to pay said amount to the appellees from his own resources. Single costs, as routinely taxed by the clerk of this court, are to be Coghlan's ultimate responsibility, but they may be reimbursed by her attorney if he so volunteers.
 
 
 42
 So ORDERED.
 
 
 
 [1]
 McDougal v. Comm'r, 818 F.2d 453, 455 (5th Cir.1987); Farguson v. MBank Houston, N.A., 808 F.2d 358, 360 (5th Cir.1986); Parker v. Comm'r, 724 F.2d 469, 471 (5th Cir.1984); Reis v. Morrison, 807 F.2d 112, 113 (7th Cir.1986); Bacon v. Am. Fed'n of State, County & Mun. Emp., 795 F.2d 33 (7th Cir.1986); Sweeney Corp. v. Century Constr. Co., 786 F.2d 432 (D.C.Cir.1986)
 
 
 [2]
 E.g., McDougal v. Comm'r, 818 F.2d 453, 455 (5th Cir.1987) ("[Appellant's claims] were advanced in the teeth of firmly established rules of law for which there is no arguably reasonable expectation of reversal or favorable modification.")
 
 
 [3]
 See Simon & Flynn, Inc. v. Time Inc., 513 F.2d 832, 835 (2d Cir.1975) ("Counsel must realize that the decision to appeal should be a considered one, taking into account what the district judge has said, not a knee-jerk-reaction to every unfavorable ruling.")
 
 
 [4]
 Accord, Dreis & Krump, 802 F.2d at 255 ("Mounting federal caseloads and growing public dissatisfaction with the costs and delays of litigation have made it imperative that the federal courts impose sanctions on persons and firms that abuse their right of access to these courts. The rules, whether statutory or judge-made, designed to discourage groundless litigation are being and will continue to be enforced in this circuit to the hilt--as a recital of opinions published by this court since the first of the year imposing sanctions for groundless litigation should make clear. Lawyers practicing in the Seventh Circuit take heed!") (citing Bacon v. Am. Fed'n of State, County & Mun. Emp., 795 F.2d 33 (7th Cir.1986); Granado v. Comm'r, 792 F.2d 91, 94 (7th Cir.1986) (per curiam), cert. denied, --- U.S. ----, 107 S.Ct. 1378, 94 L.Ed.2d 692 (1987); Coleman v. Comm'r, 791 F.2d 68 (7th Cir.1986); Spiegel v. Continental Ill. Nat'l Bank, 790 F.2d 638, 650-51 (7th Cir.1986); Thornton v. Wahl, 787 F.2d 1151 (7th Cir.1986); Cannon v. Loyola Univ., 784 F.2d 777, 782 (7th Cir.1986); Wisconsin v. Glick, 782 F.2d 670 (7th Cir.1986)). See also Reis v. Morrison, 807 F.2d 112, 113 (7th Cir.1986) (implication that pro se appeal was taken in bad faith, arising from apparent misrepresentation to opposing counsel, warrants double costs and attorneys' fees; opinion awarding rule 38 sanctions is to be published "in an effort to make this point unmistakably clear to lawyers and litigants in this circuit"); Grimes v. Comm'r, 806 F.2d 1451 (9th Cir.1986) ("We are sensitive to the obligation of the courts to provide access for petitioners seeking in good faith to avail themselves of the protection of the law, and we do not impose sanctions lightly. We are also aware that an appeal that lacks merit is not always frivolous. These principles do not, however, inhibit the court from imposing sanctions when presented with unsupportable appeals, presenting no colorable claim of error. Sanctions are appropriate when the result of an appeal is obvious and the arguments of error are wholly without merit.") (citing Gattuso v. Pecorella, 733 F.2d 709, 710 (9th Cir.1984), and DeWitt v. W. Pac. R.R., 719 F.2d 1448, 1451 (9th Cir.1983))
 
 
 [5]
 Our prior opinion cited, for example, Burgess v. City of Houston, 718 F.2d 151, 154 (5th Cir.1983), which held that there is no support "for the proposition that there is a constitutional right to receive [utilities] when [as here] the applicant refuses to comply with reasonable administrative procedures." See 845 F.2d at 569
 
 
 [6]
 George v. Texas, 788 F.2d 1099 (5th Cir.), cert. denied, 479 U.S. 866, 107 S.Ct. 226, 93 L.Ed.2d 153 (1986); Stelly v. Comm'r, 761 F.2d 1113 (5th Cir.), cert. denied, 474 U.S. 851, 106 S.Ct. 149, 88 L.Ed.2d 123 (1985); Martinez v. Comm'r, 744 F.2d 71 (10th Cir.1984)
 
 
 [7]
 Cf. NLRB v. Lucy Ellen Candy Div., 517 F.2d 551, 555 (7th Cir.1975) ("[W]e would not desire to take action which could become the basis of chilling the assertion of rights held in good faith by virtue of imposing a penalty because of a failure to prevail in litigation.")
 
 
 [8]
 An appeal, though based upon a questionable legal position, may not be deemed frivolous if, inter alia, the underlying litigation is complex or confusing. Nat'l Acceptance Co. of Am. v. Frigidmeats, Inc., 627 F.2d 764 (7th Cir.1980). Compare Ass'n of Gov. Emp. v. Nat'l Fed'n of Fed. Emp., 844 F.2d 216, 224 (5th Cir.1988) ("[Reversing rule 11 sanctions because original complaint] presents no such redundancy and, therefore, when the allegations of the complaint are well grounded, cannot generally serve as the basis for imposing sanctions."); Gilles v. Burton Constr. Co., 736 F.2d 1142, 1146-47 (7th Cir.1984) ("[Though] appeal of nonappealable orders, ... made [with] virtually no effort to justify their assertion that we have jurisdiction [was] strictly-speaking 'frivolous,' [sanctions would not be imposed, because] the question of finality arises on the basis of a quite confusing record, and it is clear that appellants were not solely responsible for the confusion.") with Farguson, 808 F.2d at 360 (severe sanctions appropriate both at the trial and appellate levels for frivolous and duplicative complaints); United States v. Potamkin Cadillac, 689 F.2d 379 (2d Cir.1982) (appeal from summary judgment frivolous where arguments were conclusory and unsupported by citations to relevant law); Maneikis v. Jordan, 678 F.2d 720, 722 (7th Cir.), cert. denied, 459 U.S. 990, 103 S.Ct. 346, 74 L.Ed.2d 386 (1982) (fees and costs awarded against attorney for appeal of "an obviously unappealable order" because he "must have known that the order was not final, yet he nevertheless took an unwarranted procedural step")
 Of course, sanctions are inappropriate if the appeal presents an issue of first impression. Ehm v. Amtrak Bd. of Directors, 780 F.2d 516, 518 (5th Cir.1986) ("[T]he issue presented by his appeal, i.e., the propriety of a dismissal for failure to post a cost bond, involves a novel procedural issue on which there has been no prior Fifth Circuit decision."); Adult Film Ass'n v. Thetford, 776 F.2d 113 (5th Cir.1985) (sanctions inappropriate because this suit of first impression involves issues beyond preceding decisions); Marquardt v. N. Am. Car Corp., 652 F.2d 715 (7th Cir.1981).
 Similarly, when the appeal challenges a finding that is not "mandatory," such as an abuse of discretion or a credibility determination, the appropriateness of sanctions must be carefully weighed. Sturgeon v. Airborne Freight Corp., 778 F.2d 1154, 1161 (5th Cir.1985) ("[P]laintiff's conduct caused defendant [union] time and expense in trial preparation, although plaintiff was unable to try the case; [and while appeal of denial of further continuance was meritless, because an abuse of discretion could not be argued on the merits, appeal here was not] so unreasonable and unjustified as to cause us to impose sanctions."); NLRB v. Lucy Ellen Candy Div., 517 F.2d 551, 555 (7th Cir.1975) ("Further, while the courts generally do uphold the credibility determinations of ... triers of fact [and] notwithstanding the overburdened condition in which the courts now find themselves [and though the law may be] so clear and well established [that the appellant's position is simply untenable, the company's 'vigorously and lengthily' argued, good-faith attack on the ALJ's decision is not open to a rule 38 award]."). See Eversley v. MBank Dallas, 843 F.2d 172, 173 (5th Cir.1988) (assessing ordinary costs but declining request for rule 38 damages because, viewed on the facts alleged, challenge to the employer's lack of accommodation of religious beliefs was not frivolous); but see Smith Int'l Inc. v. Texas Commerce Bank, 844 F.2d 1193, 1200 (5th Cir.1988) ("The question here then becomes whether plaintiffs' legal theory that the notes were securities, though erroneous, can fairly be said to be unreasonable from the point of view both of existing law and its possible extension, modification, or reversal. We think not [and so remand award of rule 11 sanctions for reconsideration whether sanctions are appropriate.]").
 Compare Rose v. Black Eyed Pea, 844 F.2d 786 (5th Cir. Mar. 16, 1988) (No. 87-1898 unpublished) (though the district court fully explained its dismissal for failure to state a claim to the putative Sec. 1983 plaintiff, and despite an eloquent request from defendant restaurant, sanctions were not assessed against pro se appellant who assigned no error below, alleged no constitutional claim, postulated no state action, and failed entirely even to identify a legal issue) with Crain v. Comm'r, 737 F.2d 1417, 1418 (5th Cir.1984) (per curiam) ("[H]odgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish [constituted] baseless, unsupportable [pro se appeal] presenting no colorable claims of error and designed only to delay, obstruct, or incapacitate the operations of the courts."). See also Blackwell v. Dept. of Offender Rehab., 807 F.2d 914, 915-16 (11th Cir.1987) (per curiam) ("[W]e disagree with the district court that Roberson's contentions [regarding his right under 42 U.S.C. Sec. 1988 to a fee award] were so lacking in legal merit as to justify by themselves the imposition of Rule 11 sanctions. In fact, only during the pendency of this appeal has the Supreme Court reversed a decision of the Ninth Circuit Court of Appeals which had arguably supported Roberson['s arguments.] We disagree with Roberson's assessment of his duty of candor [and so uphold sanctions based upon that ground. However,] we do not deem this appeal regarding the scope and application of Rule 11 to warrant [sanctions under Rule 38 for frivolity, because] his arguments that he was nevertheless entitled to fees were not entirely lacking in legal merit.") (emphasis added); McLaughlin v. Bradlee, 803 F.2d 1197, 1206 (D.C.Cir.1986) (like prior cases brought by McLaughlin, his appeal here was "not only frivolous, but irresponsible," but the precise issue was left open by prior decisions of the court and so sanctions were only threatened, not levied); Argo Marine Sys., Inc. v. Camar Corp., 755 F.2d 1006, 1015 (2d Cir.1985) (conclusion that appeal was not clearly frivolous, though monetary discovery sanctions upheld).
 
 
 [9]
 Accord, Reliance Ins. Co. v. Sweeney Corp., 792 F.2d 1137, 1139 (D.C.Cir.1986) ("Despite numerous chances to present a colorable claim both here and in the district court, neither appellant nor counsel [cite any authority and both are] unable or unwilling to advance any disputed facts or to explain appellant's secret plan to win the case at trial.... [The party bringing an appeal] has the responsibility to say something non-frivolous to indicate why the appeal was taken; it is Reliance's failure to say anything that leads us to conclude that this appeal is frivolous [and] was brought for [no] purpose other than to harass and delay.") (emphasis in original); Sparks v. NLRB, 835 F.2d 705, 707 (7th Cir.1987) ("[Appeal is without] colorable legal basis [when taken in disregard for] precedents [that] are authoritative and accessible--which recent decisions of the Supreme Court, squarely on point, are."); Grimes v. Comm'r, 806 F.2d 1451, 1454 (9th Cir.1986) ("The Tax Court clearly stated its reasons for rejecting Grimes's claims and the result of this appeal was obvious."); DeWitt v. W. Pac. R.R., 719 F.2d 1448, 1451 (9th Cir.1983) ("We congratulate [the appellant] on its decision to forego other frivolous points on appeal, but that does not make the points it did choose to argue any less frivolous. 'Counsel must realize that the decision to appeal should be a considered one, ... not a knee-jerk-reaction to every unfavorable ruling.' ") (quoting Libby, McNeill, & Libby v. City Nat'l Bank, 592 F.2d 504, 514 (9th Cir.1978) ("[Appellant's brief] supplies little aid to his cause, being prolix and in places unintelligible [and his unsupported, repetitive assignments of error make] no serious attempt to undermine the district court's basic conclusions."), and Simon & Flynn, Inc. v. Time Inc., 513 F.2d 832, 835 (2d Cir.1975) (sanctions for frivolous appeal where subject matter jurisdiction is clearly lacking)); Biermann v. Comm'r, 769 F.2d 707 (11th Cir.1985) (where legal theories are soundly rejected below, the imposition of appellate costs is justified)
 
 
 [10]
 E.g., McDougal v. Comm'r, 818 F.2d 453, 455 (5th Cir.1987); Alter Fin. Corp. v. Citizens & S. Int'l Bank, 817 F.2d 349, 350 (5th Cir.1987); Hale v. Harney, 786 F.2d 688, 692 (5th Cir.1986); Stelly, 761 F.2d at 1116; Knoblauch v. Comm'r, 752 F.2d 125, 128 n. 4 (5th Cir.), cert. denied, 474 U.S. 830, 106 S.Ct. 95, 88 L.Ed.2d 78 (1985)
 
 
 [11]
 E.g., Reliance Ins. Co. v. Sweeney Corp., 792 F.2d at 1139; Scarpa v. Murphy, 806 F.2d 326 (1st Cir.1986); Baer v. Architectural & Ornamental Iron Workers, 813 F.2d 562 (2d Cir.1987); Dreis & Krump Mfg. Co. v. Int'l Ass'n of Machinists, 802 F.2d 247, 255-56 (7th Cir.1986); Moore v. City of Des Moines, 766 F.2d 343, 346 (8th Cir.1985); Grimes v. Comm'r, 806 F.2d 1451, 1454 (9th Cir.1986); Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 212-13 (9th Cir 1987); United States v. A Single Family Residence, 803 F.2d 625 (11th Cir.1986)
 
 
 [12]
 See Olympia Co. v. Celotex Corp., 771 F.2d 888, 893 (5th Cir.1985) (characterizing the appellee's "rambling" briefs as "puzzling and exasperating," the court criticized "no attempt to address most of the issues raised in the district court's opinion" and citations "which are unaccompanied by any explanation" as to their possible relevance); Hagerty v. Succession of Clement, 749 F.2d 217, 223 (5th Cir.1984) ("[C]ounsel for Hagerty has cited only one case in his entire brief to support his position that the federal district court erred."); SEC v. Suter, 832 F.2d 988, 992 (7th Cir.1987) (in two briefs on appeal, a single, easily distinguished case and a law review article, "whose relevance to this case we are unable to fathom," were the entire legal argument); Reliance Ins. Co. v. Sweeney Corp., 792 F.2d at 1139 ("Not surprisingly, appellant did not cite any authority for his novel position [and the stubborn reiteration in the briefs and at oral argument that there was some amorphous error below revealed that the appellant was simply u]nwilling to surrender, but even more unwilling to develop its legal arguments."); United States v. Potamkin Cadillac (appeal from summary judgment frivolous where arguments were conclusory and unsupported by citations to relevant law)
 
 
 [13]
 McLaughlin v. Alban, 775 F.2d 389, 392 (D.C.Cir.1985) (threatening sanctions for "harrassment by litigation"); Herzfeld & Stern v. Blair, 769 F.2d 645, 647 (10th Cir.1985) ("[Counsel's] lack of good faith is manifest [in using a baseless appeal to delay the payment of judgment and also by his 'cavalier' or reckless mis-citation to the record, which] added grievously to the frivolous nature of this appeal."); Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d at 212-13 (discovery abuses, meritless motions, and general "lackluster pursuit of this litigation" justified rule 11 sanctions below and double costs and attorneys' fees for a frivolous appeal in the face of Supreme Court authority obviously dispositive); Trohimovich v. Comm'r, 776 F.2d 873, 876 (9th Cir.1985) ("[In t]heir war on taxes [appellants show a] history of repetitive and meritless claims ..." with no purpose but to harass); Wood v. McEwen, 644 F.2d 797, 802 (9th Cir.1981) (per curiam), cert. denied, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982) (contumacious conduct below and filing of dozens of other vexatious cases justifies sanctions)
 
 
 [14]
 The District of Columbia Circuit relied upon In re TCI Ltd., 769 F.2d 441, 445 (7th Cir.1985), which explained that fees awarded under Sec. 1927 against an attorney who "multiplies the proceedings ... unreasonably and vexatiously" could be justified by objective bad faith demonstrated by inapposite factual arguments that fly "in the teeth of what he [the attorney] knows to be the law," because, analogizing to rule 11, lawyers have a duty "to limit litigation to contentions 'well grounded in fact and ... warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.' " Id. (emphasis in original). The cited opinion continued:
 Section 1927 permits a court to insist that the attorney bear the costs of his own lack of care. Subjective bad faith or malice is important only when the suit is objectively colorable.
 Id. A more recent Seventh Circuit sanctions case, assessing the appellee's expenses against the appellant's attorney personally under rule 38, commented in the same vein:
 A lawyer does not expose himself to sanctions merely by failing to dig up some obscure precedent. But the petitioner's counsel is a specialist in labor law [and her ignorance of the questioned] bedrock principle of labor law [reveals] an elementary lapse [in her research].
 Sparks v. NLRB, 835 F.2d 705, 707 (7th Cir.1987) (citations omitted).
 
 
 [15]
 See also News-Texan, Inc. v. City of Garland, 814 F.2d 216, 221 (5th Cir.1987); Sparks v. NLRB, 835 F.2d 705, 707 (7th Cir.1987); Dreis & Krump, 802 F.2d at 255-56. In the context of rule 11 violations, we have similarly decided that bad faith is not a necessary element for, nor good faith an absolute shield against, appropriate sanctions. Thomas v. Capital Sec. Serv., Inc., 836 F.2d 866, 873 (5th Cir.1988) (en banc); Ho v. Martin Marietta Corp., 845 F.2d 545, 549 (5th Cir.1988)
 
 
 [16]
 See also Olympia Co. v. Celotex Corp., 771 F.2d at 893 (antitrust theory had "been expressly rejected by this Court in prior case law"); Lewis v. Brown & Root, Inc., 711 F.2d 1287, 1290 (5th Cir.1983) (discrimination action was "frivolous, unreasonable and without foundation"); Cummings v. United States, 648 F.2d 289, 293 & n. 6 (5th Cir. Unit A Jun. 1981); Dunscombe v. Sayle, 340 F.2d at 318
 
 
 [17]
 Grimes v. Comm'r, 806 F.2d 1451, 1454 (9th Cir.1986) ("The purpose of Rule 38 and section 1912 is to induce litigants to conform their behavior to the governing rules, regardless of their subjective belief. Groundless litigation of the kind pursued here by Grimes diverts the resources of the judicial system from more serious claims, and imposes unnecessary costs on other litigants. Even though Grimes is proceeding pro se, sanctions are appropriate ... in the amount of $1500."); Trohimovich v. Comm'r, 776 F.2d at 876 ("[Sanctions penalize] the needless expenditure of judicial time, and [effectuate] our intent to deter further frivolous appeals."); Edwards v. Comm'r, 680 F.2d 1268, 1271 (9th Cir.1982) ("Meritless appeals of this nature are becoming increasingly burdensome on the federal court system."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 675 (9th Cir.1981) ("The rights of these defendants to be free from this costly and harassing litigation and the rights of litigants awaiting their turns to have other matters resolved must be considered [in affirming dismissal with prejudice for failure to prosecute.] An award of double costs is appropriate here [against appellant's attorney, because the] instant appeal is frivolous."); Ruderer v. Fines, 614 F.2d 1128, 1132 (7th Cir.1980) ("The penalty aspect of the rule serves to vindicate public interests.")
 
 
 [18]
 See Farguson, 808 F.2d at 359 ("That his filings are pro se offers Farguson no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."). Accord, Clark v. Green, 814 F.2d 221 (5th Cir.1987) (sanctions imposed on frivolous pro se appeal challenging dismissal for failure to state a claim); Crain v. Comm'r, 737 F.2d 1417, 1418 (5th Cir.1984) (per curiam) ("[H]odgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish [constituted] baseless, unsupportable [pro se appeal] presenting no colorable claims of error and designed only to delay, obstruct, or incapacitate the operations of the courts."); Reis v. Morrison, 807 F.2d 112, 113 (7th Cir.1986) ("Although we are more lenient with regard to sanctioning pro se than represented appellants who file frivolous appeals (for arguments that a lawyer would or should recognize as clearly groundless may not appear so even to a reasonable lay person), [sanctions are justified here]."); Grimes v. Comm'r, 806 F.2d 1451, 1454 (9th Cir.1986)
 
 
 [19]
 See Hale v. Harney, 786 F.2d 688, 692 (5th Cir.1986) (where rule 11 sanctions were imposed on counsel below and he still persisted in the prosecution of a claim clearly barred by Supreme Court decisions, double costs and attorneys' fees would be imposed on plaintiff and his attorney for a frivolous and vexatious appeal); SEC v. Suter, 832 F.2d 988, 991 (7th Cir.1987) (reference to disciplinary committee and sanctions against counsel justified based upon "a long course of frivolous filings," as well as incoherent and irrelevant argumentation that "falls below minimum professional standards"); Sparks v. NLRB, 835 F.2d 705 (7th Cir.1987) ("[Filing a petition to review] without doing any research on the construction of the statute [challenged as misapplied, is clearly] an elementary lapse by the petitioner's lawyer."); McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir.1981) (the purpose of rule 38 is to deter frivolous appeals); Herzfeld & Stern v. Blair, 769 F.2d 645, 647 (10th Cir.1985) (attorneys' fees and double costs assessed against attorney under Sec. 1927 because miscitations "indicate that he has been either cavalier in regard to his approach to this case or bent upon misleading the court"); Reliance Ins. Co. v. Sweeney Corp., 792 F.2d at 1139 ("We find that the conduct of [counsel and her client] falls far below the standards expected of litigants and counsel in federal court.")
 
 
 [20]
 Though the Waterworks District did not even file a motion under rule 38, it now urges sanctions against the lawyers who handled the case through judgment, as well as against the appellate counsel, because Coghlan's original attorneys refused to compromise their "impact litigation" in favor of beneficial settlement in their named client's best interest. However, even if the Southeast Louisiana Legal Services Corporation's focus was, in fact, upon "the rules and regulations of the District and on other matters of procedure," rather than upon Coghlan's circumstances, we are not convinced that the standards of rule 11 or, generally, of good-faith litigation, were violated by her three public interest attorneys. As in Stelly, the constitutional claim advanced in the district court was totally lacking in merit, but, again, as there, the unreasonableness of litigating those unsupported and meritless legal positions rose to a level appropriate for sanctions only after the opinion below elaborated why current law could not support the contention advanced
 Coghlan was represented throughout the proceedings below by counsel, who should have been expected to bring to bear a more sophisticated understanding of the merits of the claim than we would have expected if Coghlan had proceeded pro se. See Reis v. Morrison, 807 F.2d 112, 113 (7th Cir.1986). But while any reasonably objective examination of the cases should have revealed to trained readers that Coghlan could not prevail on the merits, her attorneys' negotiations with the Waterworks District and their conduct at trial was not necessarily open to criticism. Her persistent claim of right to continued water service was obstinant, but it was not so outrageous as to have required sanctions below. Thus the underlying suit here was, clearly, neither malicious nor utterly groundless, though Coghlan may, in fact, have shown "sheer stubbornness with quite a bit of unwillingness to compromise," and though her initial attorneys may have demonstrated an irrational belief in their ability to overturn the Waterworks District's metering policy.
 Regardless of an appellant's obstinance, litigation is not frivolous unless devoid of articuable legal support. Accordingly, the meritlessness of the underlying suit is not determinative, in itself, of awarding attorneys' fees and appellate costs. See Freeze v. Griffith, 849 F.2d 172, 176 (5th Cir. 1988). Even if trial counsel cannot be faulted here for their conduct of the case, appeal of the decision soundly rejecting Coghlan's claim was unreasonable and frivolous. See Seyler v. Seyler, 678 F.2d 29 (5th Cir.1982) (taxing costs in the district court was inappropriate, but taxing appellate costs and attorneys' fees warranted). Compare Farguson, 808 F.2d at 358 (severe sanctions appropriate at both the trial and appellate levels for frivolous and duplicative complaints) with Nat. Ass'n of Gov. Emp. v. Nat'l Fed'n of Fed. Emp., 844 F.2d 216, 224 (5th Cir.1988) ("[Reversing rule 11 sanctions because original complaint] presents no such redundancy and, therefore, when the allegations of the complaint are well grounded, cannot generally serve as the basis for imposing sanctions.").
 
 
 [21]
 Although we base imposition of sanctions here upon Fed.R.App.P. 38, ample alternative authority supports similar action. Representative citations of specific congressional grants and court rules include: 5 U.S.C. Sec. 552b(i); 15 U.S.C. Sec. 4303; 21 U.S.C. Secs. 455, 1034; 26 U.S.C. Sec. 6673; 28 U.S.C. Secs. 1912, 1927; 42 U.S.C. Sec. 1988; 49 U.S.C.App. Secs. 1686(e), 2014; Fed.R.Civ.P. 11; Bankruptcy Rule 9011. The result reached here under rule 38 could have been achieved under various statutory provisions. See Hagerty v. Succession of Clement, 749 F.2d at 222 n. 3 (28 U.S.C. Secs. 1912, 1927); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) (prevailing defendants entitled to attorneys' fees under 42 U.S.C. Sec. 1988 upon a "showing that plaintiff's action was frivolous, unreasonable, groundless, or made in bad faith, or that the plaintiff continued to litigate after it clearly became so") (emphasis added); Trevino v. Holly Sugar Corp., 811 F.2d 896, 906 (5th Cir.1987) (same)
 Moreover, at least three other circuit courts of appeals have awarded rule 11 sanctions for conduct on appeal. E.g., Hedison Mfg. Co. v. NLRB, 643 F.2d 32 (1st Cir.1981); United States v. Carley, 783 F.2d 341 (2d Cir.), cert. denied, 476 U.S. 1142, 106 S.Ct. 2251, 90 L.Ed.2d 697 (1986); Thornton v. Wahl, 787 F.2d 1151, 1153 (7th Cir.), cert. denied, 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986). Contra, Hill v. Norfolk & W. Ry., 814 F.2d 1192, 1200 (7th Cir.1987); Braley v. Campbell, 832 F.2d 1504, 1510 n. 4 (10th Cir.1987) (en banc). The Seventh Circuit wrote succinctly in a recent case that
 [a]lthough Rule 11 is not applicable as such to pleadings filed in this court, in interpreting Rule 38 ... which authorizes sanctions for frivolous appeals, we look to the principles that have evolved in the interpretation of Rule 11.
 Sparks v. NLRB, 835 F.2d 705, 711 (7th Cir.1987) (voluntary dismissal conditioned upon payment of opposing parties' expenses after judgment).
 While this court has not yet specifically held that rule 11 sanctions are available on appeal, new Local Rule 35.1 states that "Rule 11, F.R.C.P., is fully applicable to petitions for en banc consideration." Inferentially, therefore, this court has heretofore concluded that the standards of rule 11, irrespective of the rule itself, govern appeals to our court. Although no Fifth Circuit cases have awarded rule 11 sanctions on appeal, the mandatory nature of such sanctions where called for in the trial court is amply discussed in our recent en banc decision in Thomas v. Capital Sec. Serv., Inc., 836 F.2d 866 (5th Cir.1988).
 Even absent these applicable rules and statutory authorizations, federal courts have inherent power to assess attorneys' fees in instances of bad faith or willful abuse of process. Roadway Express, Inc. v. Piper, 447 U.S. 752, 765-66, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980) (inherent authority of the federal courts to impose sanctions for abusive tactics); Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975); Farguson v. MBank Houston, N.A., 808 F.2d at 360 ("The court's power ... to impose sanctions on appeal, sua sponte if necessary ..., flows not only from various statutes and rules relating to sanctions, but the inherent power of the court to protect its jurisdiction and judgments and to control its docket."); Trohimovich v. Comm'r, 776 F.2d at 875 ("[I]n the absence of jurisdiction we do not decide whether their arguments are frivolous or well taken[ ], but appellate sanctions can be imposed] in the exercise of our separate inherent jurisdiction [to consider whether appeal was] abusive."); Martinez v. Comm'r, 744 F.2d 71, 72 (10th Cir.1984) ("Courts have the inherent power to impose a variety of sanctions on both litigants and their attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings.").
 
 
 [22]
 See McGoldrick Oil Co. v. Campbell, Athey & Zukowski, 793 F.2d 649, 653 (5th Cir.1986); Hale v. Harney, 786 F.2d at 692; Alter Fin. Corp. v. Citizens & S. Int'l Bank, 817 F.2d at 350; Reliance Ins. Co. v. Sweeney Corp., 792 F.2d at 1139; Herzfeld & Stern v. Blair
 
 
 [23]
 We note, of course, that court costs are usually assessed against the party, not the attorney, and that even where attorneys' fees are charged to the attorney it would normally be appropriate for his client to pay the single costs. See Eversley v. MBank Dallas, 843 F.2d 172, 175 n. 3 (5th Cir.1988). However, counsel emphasizes Coghlan's indigence, "takes the responsibility for the appeal" upon himself, and urges us to impose sanctions solely upon him. While single costs are imposed not as a sanction, but as the ordinary burden of the losing party, counsel, of course, may voluntarily assume his client's obligation to meet the costs of a frivolous appeal which he allowed, and indeed, convinced her to prosecute
 
 
 [24]
 Marston v. Red River Levee & Drainage Dist., 632 F.2d 466, 468 (5th Cir.1980). See also Olympia Co. v. Celotex Corp., 771 F.2d at 893; Hale v. Harney, 786 F.2d at 692; Capps v. Eggers, 782 F.2d 1341, 1343 (5th Cir.1986); Stelly v. Comm'r, 761 F.2d at 1116; Knoblauch v. Comm'r, 752 F.2d at 128 n. 4; United States v. Henry, 749 F.2d 203 (5th Cir.1984); Panior v. Iberville School Bd., 543 F.2d 1117 (5th Cir.1976)