**Arnold COHN and Eleanor L. Cohn, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 96–2035.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 31, 1996.

Decided Nov. 22, 1996.

Arnold Cohn (submitted), Eleanor L. Cohn, Wilmot, WI, pro se Petitioners-Appellants.

Gary R. Allen, Robert L. Baker, Teresa McLaughlin, Joan I. Oppenheimer, Department of Justice, Tax Division, Appellate Section, Washington, DC, for Respondent-Appellee.

Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.

PER CURIAM.

This is a typical, and typically frivolous, tax protester appeal, the merits of which are the subject of an unpublished order also issued today. But there is a question about sanctions that merits a published opinion. Pursuant to the amended Federal Rule of Appellate Procedure 38, the Internal Revenue Service filed a separate motion seeking the award of sanctions of $2,000 for the filing of a frivolous appeal. For the last ten years, we have been routinely awarding sanctions of $1,500 in tax protester cases rather than requiring the Service to tailor its request to the particulars of the individual case. E.g., *Coleman v. Commissioner*, 791 F.2d 68, 73 (7th Cir.1986); *Miller v. United States*, 868 F.2d 236, 242 (7th Cir.1989) (per curiam).

The number and uniformity of the cases, and the rather modest costs of defending them in this court, justify this experiment (by no means unprecedented—the antecedents are discussed in *Coleman* ) in streamlining appellate procedure by substituting a simple rule for a nebulous standard. The experiment is a success. It has been followed in several other circuits. *Schoffner v. Commissioner,* 812 F.2d 292, 294 (6th Cir.1987) (per curiam) ($1,200); *Cook v. Spillman,* 806 F.2d 948, 949 (9th Cir.1986) (per curiam) ($1,500); *Grimes v. Commissioner,* 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam) (same); *Casper v. Commissioner,* 805 F.2d 902, 906–07 (10th Cir.1986) (same); *United States v. Gosnell,* 961 F.2d 1518, 1521 (10th Cir.1992) (same); *Pollard v. Commissioner,* 816 F.2d 603, 605 (11th Cir.1987) (per curiam) (same); *Webb v. Commissioner,* 872 F.2d 380, 382 (11th Cir. 1989) (per curiam) (same). The Fifth Circuit, after adopting the approach in *Crain v. Commissioner,* 737 F.2d 1417 (5th Cir.1984) (per curiam) ($2,000), and *Hallowell v. Commissioner,* 744 F.2d 406, 408 (5th Cir.1984) (per curiam) (same), rejected it in *Knoblauch v. Commissioner,* 749 F.2d 200, 202 (5th Cir. 1984), but climbed back on board in *McDougal v. Commissioner,* 818 F.2d 453, 455 (5th Cir.1987) ($1,000). We have no inclination to abandon the approach. But when a rule is stated in terms of a fixed dollar amount, it must be adjusted from time to time to take account of inflation. The time has come. The Service asks us to increase the standard award from $1,500 to $2,000. The request is eminently reasonable, and indeed modest. The Consumer Price Index has risen 44 percent since the rule was adopted, which is more than the 33 percent increase requested by the Service. Of course, the cost of these frivolous cases to the courts, and to the government, which must defend them, may not have risen as much—or may have risen by more. But the aim is not precision, which would cost more than it would be worth. It is rough justice. $2,000 it shall be, at least until we are asked to increase it further—or to decrease it, should an appellant show that this figure is too high. The appellant in this case made no attempt to do so. The government's motion to impose a $2,000 sanction is therefore granted and, for the reasons explained in the accompanying order, the appeal is dismissed.