United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10967
Summary Calendar

LAKEITH AMIR-SHARIF,

                                    Plaintiff-Appellant,

versus

DALLAS COUNTY, TEXAS; LUPE VALDEZ; KENNETH MAYFIELD; STEVEN
BOWERS, Jail Medical Director; MIKE CANTRELL, Commissioner Court;
MARGARET KELIHER, Commissioner Court; UNIVERSITY OF TEXAS MEDICAL
BRANCH GALVESTON,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(3:06-CV-81)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Lakeith Amir-Sharif filed the instant 42
U.S.C. § 1983 suit to seek redress for acts that occurred while he
was incarcerated in the Dallas County Jail.  The district court
dismissed his suit as frivolous and denied his request to proceed
in forma pauperis (IFP) on appeal.  Amir-Sharif now seeks authority
from this court to proceed IFP on appeal.  He also requests
appointed counsel for appeal.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Amir-Sharif has failed to show that the district court erred by determining that he has not raised a viable claim against any of the named defendants.  Amir-Sharif thus has not established that he will raise a nonfrivolous issue on appeal, so his motion requesting IFP status is DENIED.  See <u>Carson v. Polley</u>, 689 F.2d 562, 586 (5th Cir. 1982).  All other outstanding motions are likewise DENIED, and this appeal is DISMISSED as FRIVOLOUS.

Amir-Sharif has filed several other actions that have been dismissed as frivolous.  He is hereby WARNED that he is likely to be sanctioned if he continues to file meritless pleadings.  <u>See</u> <u>Coghlan v. Starkey</u>, 852 F.2d 806, 817 (5th Cir. 1988).  These sanctions could include, but are not limited to, dismissal, monetary imposts, and restrictions on his entitlement to file pleadings in this court and any court subject to this court's jurisdiction.