In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-2121

PAMELA E. VEAL-HILL,

*Petitioner-Appellant*,

*v.*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee*.

Appeal from the United States Tax Court
No. 1517-17 — **Richard T. Morrison**, *Judge*.

DECIDED OCTOBER 14, 2020

Before SYKES, *Chief Judge*, and EASTERBROOK and KANNE, *Circuit Judges*.

PER CURIAM. This court is no stranger to frivolous tax appeals. In 1986 we set $1,500 as the presumptive sanction for a frivolous tax appeal. *Coleman v. Comm'r*, 791 F.2d 68, 73 (7th Cir. 1986). *Coleman* involved groundless claims by two tax protestors; we established the $1,500 penalty as an approximation of the cost of the government attorneys' wasted time in lieu of inviting proof of actual attorneys' fees. *Id*. Ten years later inflation prompted us to raise that sanc-

tion to $2,000. *Cohn v. Comm'r*, 101 F.3d 486, 487 (7th Cir. 1996). Another decade passed, and we adjusted the sanction for a frivolous tax appeal to $4,000, this time to reflect both further inflation and additional data on the actual expenses the government incurred litigating a frivolous appeal. *Szopa v. United States*, 460 F.3d 884, 887 (7th Cir. 2006).

Since then we have left the sanction at $4,000. But as we observed in *Cohn*, any rule stated in a fixed dollar amount must be adjusted from time to time. 101 F.3d at 487; *see also United States v. Boliaux*, 915 F.3d 493, 497 (7th Cir. 2019). The time has come yet again. The Consumer Price Index has increased roughly 25% since we decided *Szopa*, so the price of a frivolous tax appeal should rise in tow. We therefore impose a $5,000 sanction for this frivolous tax appeal to be paid in accordance with, and for the reasons stated in, the accompanying order.