# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

No. 96-31185
Summary Calendar
_____

RUSTY SMITH

Plaintiff-Appellant,

versus

LOUIS A. DiROSA, Judge, Orleans Civil District
Court Division "D"

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CV-4069-N)

_____

August 18, 1997
<u>On Motion for Sanctions</u>

Before POLITZ, Chief Judge, KING and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

On June 27, 1997 this court issued an opinion affirming the dismissal of Rusty

Smith's section 1983 action against Orleans Parish Civil District Court Judge Louis

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

DiRosa on the basis of judicial immunity. Judge DiRosa now seeks sanctions under Rule 38[1] for a frivolous appeal.

A focused review of the record and briefs persuades that Smith should be sanctioned for a frivolous appeal. Throughout these proceedings he declined to seek the advice of counsel despite the recommendations of the magistrate judge. Opposing counsel noted controlling law. Notwithstanding, Smith proceeded with an appeal which had no reasonably arguable merit. The report and opinion of the magistrate judge pointedly demonstrated the failings of his case and clearly articulated the prevailing and dispositive law. As we have stated, sanctions "'are merited for a frivolous appeal the result of which is obvious from the comprehensive and decisive exposition of the law by the judge below.'"[2]

As reflected in the panel opinion, Smith had to establish nonjudicial acts supporting his claim or demonstrate that Judge DiRosa wholly lacked jurisdiction over the probate proceedings in issue. Smith's only viable allegation is that his brother's chapter 13 bankruptcy case was pending and that pendency divested Judge DiRosa of jurisdiction. Smith maintained in his briefing to this court that the bankruptcy judge had signed an order reopening his brother's chapter 13 case. He cited a copy of a motion

---

[1] Fed.R.App.P. 38.

[2] **Pillsbury Co. v. Midland Enters., Inc.**, 904 F.2d 317, 318 (5th Cir. 1990) (quoting **Coghlan v. Starkey**, 852 F.2d 806, 810 (5th Cir. 1988)).

to reopen the bankruptcy case. The bankruptcy judge's signature is on that motion but only to certify that the motion was filed. The motion was denied and the record leaves no doubt whatever that it was denied. Although Smith may lack formal training in the law, the federal rules of civil and appellate procedure require him to at least read the record and honestly report its factual contents.

Rule 38 provides that when a court of appeals determines that an appeal is frivolous, it may award just damages and single or double costs to the appellee. Counsel for Judge DiRosa has submitted a detailed accounting of the costs incurred in defending this frivolous appeal. That accounting totals $2202.49. We find this modest sum an eminently reasonable and just sanction.

Defendant-appellee's Motion for Sanctions in the amount of $2202.49 is therefore GRANTED.