IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30878
Conference Calendar
_____

MARY ANN BIDDLE LOVELL,

                                        Plaintiff-Appellant,

versus

J. BROOCKS GREER, III; KENNETH VOLENTINE,
Sheriff of Claiborne Parish; WAYNE TIMMONS;
JOHN SLATTERY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-2120
--------------------
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

     Mary Ann Biddle Lovell appeals the district court's
dismissal of her civil complaint for failure to state a claim
under Fed. R. Civ. P. 12(b)(6).  We review the district court's
dismissal de novo.  See Blackburn v. City of Marshall, 42 F.3d
925, 931 (5th Cir. 1995).

     Accepted as true, Lovell's factual allegations concerning
the attorney defendants fail to establish a violation of her
constitutional rights and thus fail to state a claim.  See id.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Lovell's allegation that the Sheriff's deputies illegally broke and entered her premises was not properly raised in the district court and thus is not cognizable on appeal.  See Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

The appeal is without arguable merit and is DISMISSED as frivolous.  5TH CIR. R. 42.2.  Lovell has been warned previously that the filing of future frivolous appeals would invite sanctions.  See Lovell v. Hightower, No. 98-31375 (5th Cir. Aug. 27, 1999)(unpublished).  After ignoring that admonition, Lovell was sanctioned $105 for pursuing a frivolous appeal.  See Lovell v. Claiborne Manor Nursing Home, No. 00-30735 (5th Cir. Dec. 13, 2000)(unpublished).  Because Lovell continues her pattern of filing frivolous appeals despite this court's warnings, she again is ORDERED to PAY a sanction in the amount of $250, payable to the clerk of this court.  See Coghlan v. Starkey, 852 F.2d 806, 808 (5th Cir. 1988)(this court may impose sanctions on a litigant sua sponte).  The clerk of this court and the clerks of all federal district courts within this Circuit are DIRECTED to refuse to file any pro se civil complaint or appeal by Lovell unless Lovell submits proof of satisfaction of this sanction and the sanction imposed in Lovell, No. 00-30735.  Lovell should review any pending appeals to ensure that they are not frivolous.

APPEAL DISMISSED; SANCTIONS IMPOSED.