IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31403
Conference Calendar

_____

RAYMOND SIMMONS,

                                        Plaintiff-Appellant,

versus

DEPARTMENT OF COMMUNITY DEVELOPMENT BUREAU OF ADMINISTRATION;
WAVEY LESTER; LARRY FERDINAND; VALERIE ERVIN; PAUL E. DUMARS,
SR.; RON ADAMS; JOHN DAVID STEWART; WENDELL COLLINS; BOBBY
DEBOSE; ARTHUR THOMPSON; RUTH ANDREWS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-917
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

        Raymond Simmons appeals from the district court's dismissal
as frivolous pursuant to 28 U.S.C. § 1915(e) of his civil rights
complaint.  Simmons alleges that the Department of Community
Development and various Shreveport city officials discriminated
against him when he applied for financial aid to remodel his
home, which was damaged in a fire.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Although this court applies less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construes briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of FED. R. APP. P. 28. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1994). Simmons makes no coherent argument that addresses whether the district court's dismissal was an abuse of discretion, and this court will not construct arguments or theories for Simmons absent a coherent discussion of those issues. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Simmons' appeal is without arguable merit, and is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

Simmons previously was warned that the filing of future frivolous appeals would invite sanctions. See Simmons v. Code Enforcement, No. 00-31059 (5th Cir. Oct. 26, 2001) (unpublished); Simmons v. Twin City Towing, No. 00-30328 (5th Cir. Aug. 22, 2001) (unpublished). Because Simmons continues to file frivolous appeals despite this court's warnings, Simmons is ORDERED to PAY a sanction in the amount of $105, payable to the clerk of this court. See Coghlan v. Starkey, 852 F.2d 806, 808 (5th Cir. 1988).

The motion to expedite is stricken for non-compliance.

APPEAL DISMISSED; SANCTIONS IMPOSED.