**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 01-50741
Summary Calendar

---

FREDERICK C. FERMIN,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

---------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CV-1288
---------------------------------------------------------
May 14, 2002

Before JOLLY, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Frederick C. Fermin ("Fermin") appeals the district court's judgment affirming the decision

of the Commissioner of Social Security awarding Fermin retirement insurance benefits ("RIB") as of

February 1995 but refusing to reopen Fermin's 1987 application for RIB.  Fermin has filed a motion

requesting that this appeal be transferred to the district court, contending that the magistrate judge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

was without authority to construe his notice of appeal as an appeal to this court. Fermin's motion relies on an outdated version of the governing statute. In accordance with the applicable version of 28 U.S.C. § 636(c), Fermin consented to proceed to a judgment before a magistrate judge under 28 U.S.C. § 636(c)(1) and therefore his appeal properly lies with this court. See 28 U.S.C. § 636(c)(3) ("[A]n aggrieved party may appeal directly to the appropriate United Sates court of appeals from the judgment of the magistrate in the same manner as an appeal from any other judgment of a district court."). The motion is DENIED. Fermin has also moved for leave to file a nontechnical summary of Social Security laws and regulations. That motion is also DENIED.

The only issues raised by Fermin concern his attempts to relitigate a 1973 claim for disability benefits. However, there is no decision on Fermin's entitlement to disability benefits for this court to review. The scope of this court's review is limited to determining whether there was substantial evidence in the record to support the Commissioner's decision on RIB. See Marcello v. Bowen, 803 F.2d 851, 853 (5th Cir. 1986). Fermin does not raise or brief the issues whether the Commissioner's decisions concerning his 1987 and 1995 RIB applications are supported by substantial evidence, therefore those issues are waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Further, the magistrate judge did not err in determining that the issue whether the Appeals Council erred in not reopening Fermin's disability case was not before the court.

This appeal is without arguable merit and thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2.

Fermin previously has been sanctioned by this court for filing frivolous appeals. See Fermin v. United States, No. 98-50483 (5th Cir. Apr. 19, 1999) (unpublished). Therefore, IT IS ORDERED

that Fermin is sanctioned** $200.00.  IT IS ALSO ORDERED that Fermin remit payment to the Clerk of this Court.  The Clerk of this Court and the clerks of all federal district courts within this Circuit are directed to refuse to file any pro se civil complaint or appeal by Fermin unless Fermin submits proof of satisfaction of this sanction.

APPEAL DISMISSED; SANCTION IMPOSED.

---

** The appellee has not moved for sanctions.  We have the authority to impose sanctions sua sponte.  See Coghlan v. Starkey, 852 F.2d 806, 808 (5th Cir. 1988).