United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10764
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

OSAMA ODEH

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CR-105-6
--------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:*

Osaham Odeh appeals the district court's denial of his motion under 28 U.S.C. § 1651 to vacate sentence by a person not in federal custody wherein he sought to challenge his 1998 guilty-plea conviction for misprison of a felony. Odeh argues that the district court should have construed his filing as a motion based on "fraud upon the court" which may be brought at any time.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To establish fraud upon the court, a petitioner is required to show an "unconscionable scheme or plan which is designed to improperly influence the court in its discretion." Fierro v. Johnson, 197 F.3d 147, 154 (5th Cir. 1999). Generally, "only the most egregious conduct, such as the bribery of a judge, or the fabrication of evidence by a party in which an attorney is implicated," will satisfy this standard. Id.

Odeh's unsupported allegations are insufficient to bring an action based upon fraud upon the court. See id. at 154. Accordingly, we do not examine Odeh's assertion that he had sound reasons for not bringing his fraud-upon-the-court claim earlier.

Odeh also argues that the district court never secured lawful jurisdiction over his motion and thus its denial of his motion is without effect. This assertion is utterly without merit. This appeal is without arguable merit; it is dismissed as frivolous. See 5TH CIR. R. 42.2.

Odeh has filed numerous frivolous and unnecessary motions in this court. In his filings, Odeh suggests that a judge of this court is guilty of deceit and manipulation. Odeh also casts aspersions upon this court's clerk. This is contumacious conduct. See Coghlan v. Starkey, 852 F.2d 806, 808 (5th Cir. 1988). Odeh is hereby ordered to show cause, within 20 days of the date of this opinion, why a sanction in the amount of $500 and a restriction on his access to this court should not be imposed.

APPEAL DISMISSED AS FRIVOLOUS, APPELLANT ORDERED TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED.