IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-20173
Summary Calendar

ROYCE EUGENE MITCHELL, JR.

Plaintiff-Appellant

v.

MARC W. HOLDER

Defendant-Appellee

Appeal from the United States District Court
for the Southern  District of Texas
USDC No. 4:07-MC-45

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Royce Eugene Mitchell, Jr. is seeking to proceed in forma pauperis (IFP) to appeal the district court's denial of his motion to proceed IFP in the district court based on a failure to state a claim.  The district court relied on the Anti-Injunction Act, 28 U.S.C. § 2283 in making its ruling.

Mitchell seeks declaratory and injunctive relief to enjoin the enforcement of state court orders imposing a fine for a speeding ticket that Mitchell received. He contends that the matter should have been reviewed by an agency and that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the state municipal and county courts, and in particular, County Judge Holder, did not have subject matter jurisdiction over the proceedings. He also argues that TEX. GOVT. CODE ANN. § 30.00027 should be declared unconstitutional because it resulted in the denial of his right to appeal the county court's decision. Mitchell argues that the district court erred in dismissing his complaint based on the Anti-Injunction Act because it resulted in the denial of his constitutional rights.

Under the Anti-Injunction Act , "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (emphasis added). The listed exceptions "are narrow and are 'not [to] be enlarged by loose statutory construction.'" Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988) (citation omitted).

Mitchell has not alleged that the state court action is subject to any statutory exception to the Anti-Injunction Act or that the proceedings will have any effect on the jurisdiction of the federal court or any of its judgments. Thus, Mitchell has not shown that the district court erred in determining that his complaint seeking injunctive relief failed to state a claim upon which relief could be granted.

Mitchell has failed to raise a nonfrivolous issue on appeal. His motion to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Mitchell was previously cautioned that filing additional frivolous suits or appeals could result in the imposition of sanctions. See Mitchell v. Texas, No. 03-20836 (5th Cir. June 30, 2004). It is ordered that a sanction of $150.00 is imposed and that the clerk accept no further pleadings from Mitchell until the sanction is paid. See Coghlan v. Starkey, 852 F.2d 806, 817 (5th Cir. 1988).

2

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION IMPOSED; MOTION FOR TEMPORARY RESTRAINING ORDER DENIED.