**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-20246
Conference Calendar

INNOCENT OGUAGHA,

Plaintiff-Appellant,

versus

RICHARD CRAVENER, District Director, Immigration and Naturalization
Service

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:98-CV-3944

Before JONES, Chief Judge, and JOLLY and ELROD, Circuit Judges.

PER CURIAM:[*]

Innocent Oguagha appeals the district court's denial of his Federal Rule
of Civil Procedure 60(b) motion filed after the dismissal of his 42 U.S.C. § 1983
complaint for failure to exhaust administrative remedies. In his motion,
Oguagha asserted that he was entitled to relief from judgment because (1) he
has now exhausted his administrative remedies; (2) immigration officials

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

falsified his "final" record of conviction; and (3) he has newly discovered evidence. Because Oguagha has failed to show the existence of extraordinary circumstances justifying the grant of Rule 60(b) relief, the district court did not abuse its discretion in denying the motion. *See Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002)*; Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

The appeal is wholly without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, *see id.*, it is DISMISSED. *See* 5TH CIR. R. 42.2. This court previously warned Oguagha that any further challenges to the district court's dismissal for failure to exhaust administrative remedies would invite the imposition of sanctions. *See Oguagha v. Cravener*, 44 F. App'x 651 (5th Cir. 2002). Because Oguagha continues to challenge the dismissal for failure to exhaust, he is hereby ORDERED to pay $200 as a sanction to the Clerk of this Court. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988). It is further ORDERED that Oguagha be barred from filing in this court or in any court subject to this court's jurisdiction any pleadings that challenge the district court's dismissal for failure to exhaust until the sanction is paid in full. Oguagha is CAUTIONED that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.