United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 6, 2006**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals for the Fifth Circuit

_____

m 06-10653
Summary Calendar

_____

IN THE MATTER OF:
THOR K. TJONTVEIT,

Debtor.

E. PATRICIA LONG,

Appellant,

VERSUS

BJORN KOHLER THOMMESSEN,
FORMERLY KNOWN AS BJORN KOHLER,

Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
m 3:06-CV-63

_____

Before SMITH, WIENER, and OWEN,
    Circuit Judges.

PER CURIAM:[*]

Patricia Long appeals the district court's affirmance of the bankruptcy court's imposition of sanctions. We affirm.

I.

This matter stems from an ancillary bankruptcy case in which Bjorn Thommessen, the trustee of a Norwegian bankruptcy proceeding, sought permission to conduct discovery in the United States related to that proceeding. In his motion to authorize discovery pursuant to 11 U.S.C. § 304(b)(3), Thommessen included a statement about Long:

> Tjontveit [the debtor in the Norwegian bankruptcy proceeding] and a business associate, E. Patricia Long ("Long"), are under criminal investigation in Norway for alleged tax fraud relating to Tjontveit's and/or Long's receipt of value added tax rebates in the approximate sum of $12 million (U.S.) which were received from the Norwegian Directorate of Taxes.

Long, proceeding *pro se*, moved for sanctions against Thommessen, contending that she was not under criminal investigation and that Thommessen's unsupported statement damaged her personal integrity and business reputation. Long failed, however, to abide by the safe harbor provision in Federal Rule of Bankruptcy Procedure 9011SSshe filed the motion

without first serving it on Thommessen.[1] Thommessen suggested that she withdraw the motion, but she refused, so Thommessen filed a cross-motion for sanctions against Long.

The bankruptcy court denied Long's motion and granted Thommessen's, imposing a $14,000 sanction on Long. In support of its denial of Long's motion, the court reasoned that (1) Thommessen's statement that Long was under investigation was accurate, because the trustees of the Norwegian bankruptcy estate were investigating Long; and (2) Long had reason to know of this investigation because of a press release from OKOKRIM, a Norwegian unit that investigates and prosecutes economic and environmental crime.

Justifying its impositions of sanctions, the court found that Long had engaged in a pattern of abusive litigation in addition to the motion for sanctions against Thommessen: She

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Rule 9011(c)(1)(A) states, in relevant part:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.

FED. R. BANKR. P. 9001(c)(1)(A).

filed grievances with the state bar, two lawsuits in courts that likely lacked subject matter jurisdiction, and a separate suit against another Norwegian trustee—all of which contain similarly groundless allegations as did her motion for sanctions against Thommessen. The bankruptcy court outlined the negative effects of Long's conduct and concluded sanctions were required. In a careful and thorough opinion the district court affirmed.

## II.

We review rule 9011 sanctions for abuse of discretion. *Krim v. First City Bancorporation Inc. (In re First City Bancorporation Inc.)*, 282 F.3d 864, 867 (5th Cir. 2002) (per curiam). "A court abuses its discretion when its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.*

The bankruptcy court correctly viewed the law. The court analyzed Long's motion for sanctions under the appropriate rule—rule 9011—and imposed the sanctions pursuant to 9011(b)(1) for filing for an improper purpose.[2] The court committed no legal error in applying this provision to Long's motion.

Further, the court was not clearly erroneous in its assessment of the evidence. It found that Long had engaged in "a pattern of activity," suing Thommessen repeatedly and frivolously,[3] and that Long had refused the opportunity to correct her conduct.

The judgment of the district court, affirming the bankruptcy court, is AFFIRMED.

---

[2] Rule 9011(b)(1) states that by filing a motion a party is certifying that the motion "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." FED. R. BANKR. P. 9001(b)(1). The district court stated that the bankruptcy court had imposed sanctions based on rule 9001(b)(1) and (3). We read the bankruptcy court's order to impose sanctions relying only on subpart (b)(1), but it provides an independently sufficient basis for sanctions, so the difference in our and the district court's understanding of the order is immaterial.

[3] Long appeared *pro se* in the bankruptcy court but retained counsel for the appeals. The district court rightly states that "sanctions may be appropriate when *pro se* litigants are shown to have a history of submitting frivolous claims . . . . *Mendoza v. Lynaugh*, 989 F.2d 191, 194-97 (5th Cir. 1993)." *See generally Coghlan v. Starkey*, 852 F.2d 806 (5th Cir. 1988) (per curiam) (regarding the imposition of sanctions on *pro se* litigants).

3