United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 3, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40882
Summary Calendar
_____

JERRY MACK DORROUGH,

                                        Petitioner-Appellant,

versus

UNITED STATES PAROLE COMMISSION,
U.S. Department of Justice,

                                        Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:06-CV-55
---------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jerry Mack Dorrough, federal prisoner # 87089-131, has

filed a motion to proceed in forma pauperis (IFP) on appeal,

challenging the district court's certification that his appeal is

not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 199-

202 (5th Cir. 1997); 28 U.S.C. § 1915(a). Dorrough was sentenced

to 25 years in prison in 1963 for a guilty-plea conviction of

robbing a postal employee, and he has had his parole revoked and

has been returned to prison multiple times. He filed this 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 2241 habeas petition challenging both his latest parole revocation and the underlying conviction. The district court dismissed Dorrough's petition as barred by a preclusion order in <u>Dorrough v. Ferguson</u>, No. 6:01-CV-205 (E.D. Tex. May 30, 2001), which was entered based on Dorrough's having filed approximately 10 postconviction actions regarding both the conviction and parole matters.

Dorrough does not address the district court's reasons for its certification decision and for the dismissal of his current § 2241 petition, i.e., that Dorrough's petition is barred by the preclusion order in <u>Dorrough v. Ferguson</u>. Instead, he continues to challenge on the merits his 1963 conviction and the latest parole revocation. This is the same as if Dorrough had not appealed the judgment. See <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987); <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).

It is ordered that Dorrough's motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous. <u>See</u> <u>Baugh</u>, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Dorrough was previously warned by this court that the filing of "any further frivolous pleadings relating to his 1963 conviction" could subject him to sanctions. See <u>Dorrough v. Gaines</u>, 48 F. App'x 107, 107 (5th Cir. 2002). Because we have warned Dorrough previously and his current appeal is another frivolous attack on his 1963 conviction, <u>see</u> <u>Coghlan v. Starkey</u>, 852 F.2d 806, 808

(5th Cir. 1988) (courts of appeals have the ability to impose sanctions sua sponte), Dorrough is hereby ORDERED to pay $250.00 to the clerk of this court. Until the sanction is paid in full, the clerk of this court and the clerks of all courts subject to the jurisdiction of this court are directed to return to Dorrough unfiled any submissions concerning the validity of his conviction, sentence, and parole revocation proceedings.

Dorrough's "Motion for Entry of Appropriate Orders," his request for leave to file a pleading for "Interim Injunctive Relief," his "Plea for Appointment of Counsel, Extension of Time to File His [Merits] Brief & Emergency Injunctive Relief," and "Petition for Review of Appeal En Banc" are denied.

MOTIONS DENIED; APPEAL DISMISSED.