# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 10, 2007**

Charles R. Fulbruge III
Clerk

No. 06-10878
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LARRY GENE POWELL

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-242-1

Before REAVLEY, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Larry Gene Powell, federal prisoner # 27650-077, seeks to appeal the denial of his motion for immediate release from custody. In 1998, while serving a five-year term of supervised release following a 1995 fraud conviction, Powell pleaded guilty to using interstate commerce facilities in connection with a murder-for-hire scheme. The district court sentenced him to 10 years in prison on the murder-for-hire conviction. The court also revoked his supervised release and sentenced him to 36 months in prison for the revocation to run consecutively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the 10-year sentence. In 2006, Powell filed a motion for immediate release from custody, challenging the legality of the 36-month revocation sentence. The district court denied the motion and also denied Powell's request to proceed in forma pauperis (IFP) on appeal, certifying that the appeal was not taken in good faith. Powell now seeks IFP status from this court and the appointment of counsel to appeal the denial of his motion. Powell's IFP motion is a challenge to the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Powell's argument that the revocation sentence is unlawful in light of Affronti v. United States, 350 U.S. 79 (1955), is misplaced. The probation statute at issue in Affronti was repealed by the Sentencing Reform Act, which expressly allows for imposition of a term of supervised release and a sentence of imprisonment if that supervised release is revoked. 18 U.S.C. § 3553(a), (e). The sentence on revocation may run consecutively to any other sentence imposed. 18 U.S.C. § 3584; United States v. Gonzalez, 250 F.3d 923, 927-28 (5th Cir. 2001).

Powell has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks omitted). Accordingly, the motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Powell's motion for the appointment of counsel is also DENIED. Powell is cautioned that the filing of frivolous appeals will result in the imposition of sanctions. See FED. R. APP. P. 38; Coghlan v. Starkey, 852 F.2d 806, 807-08, 811-12 (5th Cir. 1988).