# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-50953
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL RIOJAS VARGAS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-39-2

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

With the benefit of a plea agreement, Michael Riojas Vargas pleaded guilty to possession with the intent to distribute a mixture containing cocaine base. The day he was scheduled to be sentenced, Riojas Vargas moved the district court for permission to withdraw his guilty plea. After hearing argument from both parties at a hearing on the matter and applying the factors delineated in United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984), the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied the motion.  Riojas Vargas was sentenced to a within-guidelines term of imprisonment of 200 months.

Riojas Vargas asserts on appeal that the district court abused its discretion in denying his motion to withdraw his guilty plea.  Riojas Vargas does not explain his rationale for this assertion.

An "appellant's brief must contain his 'contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'"  Kohler v. Englade, 470 F.3d 1104, 1114 (5th Cir. 2006) (citing FED. R. APP. P. 28(a)(9)(A)).  Because Riojas Vargas has briefed no analysis or legal argument regarding his assertion that the district court abused its discretion in denying his motion to withdraw his guilty plea, we will not consider it.  See United States v. Tomblin, 46 F.3d 1369, 1376 n.13 (5th Cir. 1995).  We caution counsel that the submission of such deficiencies in future filings with this court will invite the imposition of sanctions.  See, e.g., Coghlan v. Starkey, 852 F.2d 806, 809 (5th Cir. 1986).

AFFIRMED; SANCTION WARNING ISSUED.