# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2011

No. 11-20459
Summary Calendar

Lyle W. Cayce
Clerk

CHRISTOPHER LEE CLAYTON, SR.,

Plaintiff-Appellant

v.

BRAZOS COUNTY SHERIFF OFFICE; CHRISTOPHER C. KIRK; WAYNE DICKY; MICHAEL B. WILSON; JERRY BARRATT,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-1405

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Christopher Lee Clayton, Sr., Texas prisoner # 215568, filed a 42 U.S.C. § 1983 complaint, alleging that he was denied access to the law library. The district court dismissed the complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), and Clayton now appeals. Our review is de novo. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Citing *Bounds v. Smith*, 430 U.S. 817 (1977), Clayton argues that a prison is required to provide adequate law libraries or assistance from persons trained in the law. However, *Bounds* did not create a freestanding constitutional right to access to a law library or to legal assistance. *Lewis v. Casey,* 518 U.S. 343, 351 (1996). Rather, such access is a means to permit the opportunity to present claims of constitutional violations to the courts. *Id.* Clayton does not dispute that at all relevant times, he was represented by appointed counsel. Thus, he had access to the courts. *See Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir. Unit A June 1981). Accordingly, he has no constitutional claim based on the denial of access to the library. To the extent that Clayton argues that jail policy requires access, he likewise does not state a constitutional claim. *See Edwards v. Johnson*, 209 F.3d 772, 779 (5th Cir. 2000).

The district court did not err by dismissing Clayton's complaint as frivolous, *see Samford*, 562 F.3d at 678, or for failure to state a claim, *see Hale v. King*, 642 F.3d 492, 498-99 (5th Cir. 2011). Clayton's appeal is likewise frivolous, *see Coghlan v. Starkey,* 852 F.2d 806, 811 (5th Cir. 1988) (per curiam), and we dismiss it as such, *see* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous and the district court's dismissal of Clayton's complaint each counts as a strike for purposes of the 28 U.S.C. § 1915(g) bar to filing in forma pauperis (IFP). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Clayton is cautioned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is "under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.