# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60679
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2015

Lyle W. Cayce
Clerk

In the Matter of:  WYATT & MCALISTER, P.L.L.C.,

Debtor

-----------------------------

DEREK A. WYATT,

Appellant

v.

MARY E. MCALISTER,

Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CV-2

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM: [*]

IT IS ORDERED that appellee's motion to dismiss the appeal as frivolous is GRANTED for the following reasons.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60679

IT IS FURTHER ORDERED that appellee's motion for damages under Fed. R. App. P. 38 is GRANTED for the following reasons.

Appellant Derek Wyatt ("Wyatt") challenges the bankruptcy court's order granting Appellee Mary McAlister's ("McAlister") motion for sanctions pursuant to the court's inherent authority.  While a state court judicial dissolution of their law firm—Wyatt & McAlister, P.L.L.C. ("W&M")—was pending, Wyatt filed a bankruptcy petition for W&M.  Wyatt falsely asserted he had the authority to do so.  When it learned that Wyatt did not have such authority, the bankruptcy court granted McAlister's motion to dismiss. Though the bankruptcy court made clear that Wyatt had no authority to pursue the entity's bankruptcy without McAlister's agreement, Wyatt continued to press the issue with frivolous arguments.  He filed a motion for a new trial, and when that was denied, appealed the dismissal to the district court, which affirmed the bankruptcy court and remanded for the consideration of sanctions.  The bankruptcy court determined that the petition was filed to affect state court litigation and that Wyatt had acted in bad faith. The district court affirmed the sanctions.

We **GRANT** McAlister's motions to dismiss for damages under Fed. R. App. P. 38, because Wyatt has filed a frivolous appeal.  "An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988).  A brief worthy of sanctions "fails to argue any case law, makes hardly any attempt to distinguish precedents relied upon below, argues the merits in the most conclusory fashion, and offers no independent legal analysis different from that decisively rejected by the district court…." *Id.* at 809.  With the exception of one section that he removed, Wyatt's brief is identical to the one he presented to the district court. Nearly all of his arguments are unsupported by Fifth Circuit case law and he presents no explanation why the bankruptcy court's bad faith findings were

2

No. 14-60679

incorrect. Consequently, the result in this case—that the bankruptcy court did not abuse its discretion—must be a foregone conclusion. Accordingly, we sanction Wyatt by awarding McAlister reasonable attorney's fees of $5,000 together with costs incurred in connection with this appeal.