# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11224
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2016

Lyle W. Cayce
Clerk

ELBERT MOORE, Minister, Individual and Corporate Officer of The New Testament Church of Christ Incorporated,

Plaintiff-Appellant

v.

JOHN WILLIE COLLINS; SUPERIOR DYNAMICS, INCORPORATED, Non-Existing & Dummy Corporation; SUNNYVALE LIMITED PARTNERSHIP, INCORPORATED, Non-Existing & Dummy Corporation; WILLIAM SCOTT WYATT; VINSON & ELKINS LAW FIRM; JOEL ROSS; MELODEE ARMSTRONG; TONYA PARKER; MARK MOSLEY; LONNIE WOODS; WILLIAM MAHOMES; FIRST AMERICAN TITLE INSURANCE COMPANY; SETH DOCKERY; VALERIE A. HICKS; REPUBLIC TITLE INSURANCE COMPANY; JILL LYDIC; PROSPERITY BANK; WILLIAM CARTER; DONALD HICKS; J. MCDONALD WILLIAMS, "Don"-Former Executive Tramell Crowe Company; JANE E. BROWN,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-2197

No. 14-11224

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Elbert Moore, Minister of The New Testament Church of Christ, filed this suit to seek redress for alleged wrongs suffered in relation to the transfer of real estate. The district court dismissed the suit after determining that Moore had not raised a viable claim under federal law and that it should decline to exercise supplemental jurisdiction over Moore's state law claims. This appeal ensued. Defendant Judge Tonya Parker's motion to file a surreply brief is granted.

In his opening brief, Moore insists that he has a valid takings claim. Yet, the only state action he alleges in connection with the disputed transfer of property is that the state opened its court system to proceedings related to the transfer. This does not suffice to raise a valid takings claim. *See Earnest v. Lowentritt*, 690 F.2d 1198, 1200 (5th Cir. 1982). Because Moore has not raised arguments addressing the district court's determinations concerning the *Rooker-Feldman*[1] doctrine, his due process and equal protection claims, and his state law claims, he has abandoned any challenges he may have had to the district court's rulings on these issues. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In his reply brief, Moore argues that Judge Parker did not timely serve him with a copy of her brief and should be sanctioned, that Judge Parker was not entitled to judicial immunity, that he did not consent to proceed before a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

magistrate judge, and that he was entitled to a default judgment against several defendants. Because the third and fourth of these contentions are raised for the first time in Moore's reply brief and are not in response to arguments presented by Judge Parker in her brief, we will not consider them. *See United States v. Rodriguez*, 602 F.3d 346, 360-61 (5th Cir. 2010).

Because his argument concerning Judge Parker's entitlement to judicial immunity is responsive to arguments raised in her brief, we will consider it. *See id.* at 361. Nonetheless, the argument fails on the merits. Moore asserts that Judge Parker is not entitled to judicial immunity because she did not object to his notice that he refused to proceed before a magistrate judge. This allegation is irrelevant to the judicial immunity analysis. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991).

Finally, Moore has not shown that Judge Parker's error in initially electronically serving him warrants sanctions. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).

MOTION TO FILE SURREPLY BRIEF GRANTED; REQUEST FOR SANCTIONS DENIED; JUDGMENT AFFIRMED.