# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30629
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2016

Lyle W. Cayce
Clerk

GARY WAYNE ANDERSON,

Plaintiff-Appellant

v.

GENE ALLEN; DERRICK FREEMAN; CLARENCE HALL,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-1217

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Gary Wayne Anderson, Louisiana inmate # 335142, proceeding pro se and in forma pauperis (IFP) filed a 42 U.S.C. § 1983 complaint against Brad Magett, Brad Burget, and Clarence Hall, alleging that he was wrongfully arrested for first degree murder, armed robbery, and conspiracy, and that as a result, his parole was improperly revoked. The district court dismissed Anderson's claims against Magett and Burget under 28 U.S.C. §§ 1915A and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1915(e)(2)(b) as frivolous and for failure to state a claim and granted summary judgment for Hall.

While Anderson's claims against Hall were pending, Anderson, proceeding pro se and IFP, filed the instant § 1983 complaint raising his wrongful arrest and parole revocation claims.  The district court determined that the instant suit was duplicative and dismissed it as frivolous pursuant to §§ 1915A and 1915(e)(2)(b).

A district court is required to dismiss a prisoner's IFP civil rights complaint if it is frivolous, malicious, or fails to state a claim upon which relief could be granted.  §§ 1915A(b)(1), 1915(e)(2)(B).  Anderson fails to address the basis of the district court's dismissal.  Although this court liberally construes the briefs of pro se litigants, pro se parties must nevertheless brief the issues and reasonably comply with the Federal Rule of Appellate Procedure 28.  *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).  The instant appeal is devoid of legal points that are arguable on their merits and is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

The district court's dismissal of the instant complaint as frivolous and the dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g)'s three-strikes provision.  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  The district court's dismissal of Anderson's prior suit in *Anderson v. Concordia Parish Corr. Facility*, No. 1:15-cv-755 (W.D. La. July 2, 2015), as frivolous and for failure to state a claim also counts as a strike. *See id.*  Thus, Anderson has accumulated at least three strikes, and he is prohibited from proceeding IFP in any civil action or appeal that is filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

No. 15-30629

Anderson is WARNED that future frivolous, repetitive, or otherwise abusive filings will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988). Anderson is advised to review any pending appeals and actions and move to dismiss any that are frivolous, repetitive, or otherwise abusive.

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(e) BAR IMPOSED; SANCTION WARNING ISSUED.