# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-51244
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2017

Lyle W. Cayce
Clerk

DANIEL A. ROBERTS,

Plaintiff-Appellant

v.

BEXAR COUNTY SHERIFF'S DEPARTMENT, Official and Individual Capacities; JESUS OCHOA, Detective with the Bexar County Sheriff's Office, Official and Individual Capacities; RAY LUJAN, Officer with the Bexar County Sheriff's Office, Official and Individual Capacities; AMADEO ORTIZ, Former Sheriff, Official and Individual Capacities; CHARLES CAMPBELL, (0110) Approving Officer, official and Individual Capacities; DAVIDSMEYERS, (3068) Responding Deputy - Bexar County Sheriff's Office, Official and Individual Capacities; OFFICER JOHN DOE, Responding Deputy, Official and Individual Capacities; STATE OF TEXAS, Official and Individual Capacities; ATTORNEY GENERAL OFFICE OF TEXAS, Official and Individual Capacities; OCTAVIA THOMPSON, Employee of the Attorney General's Office and the Crime Victims Compensation Fund, Official and Individual Capacities; TROY WARDEN, Employee of the Attorney General's Office and the Crime Victims Compensation Fund, Official and Individual Capacities; A. GUTIERREZ, Approving Officer 1532, Official and Individual Capacities; MEDINA, Arresting Officer (1) 2992, Official and Individual Capacities; BLOCKLY, Arresting Officer (2) 0772, Official and Individual Capacities; G. ALVARADO, Booking Officer 9999, Official and Individual Capacities; FEDERAL MARSHALLS OFFICE OF SAN ANTONIO, Official and Individual Capacities; FEDERAL MARSHALLS SERVICE, Official and Individual Capacities; FEDERAL BUREAU OF INVESTIGATIONS OFFICE OF SAN ANTONIO, Official and Individual Capacities; FEDERAL BUREAU OF INVESTIGATION, Official and Individual Capacities; BEXAR COUNTY, Official and Individual Capacities; BEXAR COUNTY DISTRICT ATTORNEY'S OFFICE, Official and Individual Capacities; JUDGE SUSAN REED, Chief DA, Official and Individual Capacities; OFFICER JOHN DOE,

No. 14-51244

Official and Individual Capacities; RICHARD FOX, Assistant DA, Official and Individual Capacities,

Defendants-Appellees

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-80

---

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Daniel A. Roberts moves for leave to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his civil rights lawsuit under 28 U.S.C. § 1915(e)(2)(B) and denial of his motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  He also moves to "remove [his] case from queue for 45 days in order to facilitate the submission and acceptance of a corrected brief with accurate ROA numbers," but we deny this request as unnecessary as we have been able to decipher the record citations in Roberts's brief.

The district court certified that the appeal was not taken in good faith for several reasons, including those set forth in its order dismissing the case and denying Rule 59(e) relief.  Thus, the district court's certification decision is inextricably intertwined with the merits of the case, to which we now turn. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

We review the § 1915(e)(2)(B)(ii) dismissal under the same de novo standard that governs review of a dismissal under Federal Rule of Civil

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Procedure 12(b)(6).  *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).  Despite Roberts's arguments for a more favorable standard, we are bound to apply the plausibility standard described in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Roberts argues that Detective Jesus Ochoa applied for and received a "facially invalid" warrant for Roberts's arrest after telling Roberts that there was no evidence that Roberts had committed a crime.  However, Roberts's pleadings failed to allege any statements that Ochoa made to obtain the warrant or explain what made it "facially invalid."  The mere allegation that the detective had previously told Roberts that there was no evidence against him is not sufficient.  Roberts's complaint "stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678.  To the extent that Roberts argues that Detective Ochoa obtained the warrant in retaliation for Roberts's allegations of misconduct, his failure to identify the allegations made in the warrant application means that he cannot show any arguable error in the district court's dismissal for failure to state a claim for relief.  *See Hand v. Gary*, 838 F.2d 1420, 1427-28 (5th Cir. 1988); *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982); *Davis v. West*, 433 S.W.3d 101, 111 (Tex. App. 2014).

As for the denial of Roberts's motion to amend his complaint, he fails to show an arguable abuse of discretion given his failures to cure the deficiencies in his pleadings despite ample opportunity to do so and given that the proposed amendment would not have cured the relevant deficiencies.  *See Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014).

Thus, Roberts fails to show that his appeal involves legal points arguable on their merits.  *See Howard v. King*, 707 F.3d 215, 220 (5th Cir. 1983).  We deny his IFP motion and dismiss the appeal as frivolous under Fifth Circuit

No. 14-51244

Rule 42.2. *See Baugh*, 117 F.3d at 202 & n.24. We warn Roberts that future frivolous filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction, and that he should review any pending appeals and actions and move to dismiss any that are frivolous. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).

MOTIONS DENIED; APPEALS DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.