# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 16-30073
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2017

Lyle W. Cayce
Clerk

IVORY LANE SIMON,

Plaintiff–Appellant,

v.

ELORIS ANDERSON,

Defendant–Appellee.

—————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CV-586

—————

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Ivory Lane Simon, Louisiana prisoner # 505008, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim on which relief may be granted. In his complaint, Simon alleged that his right to access the courts was violated because Eloris Anderson refused to mail his application for a writ of certiorari to the United States Supreme Court in a timely manner. Simon contended that, because of Anderson's conduct, his writ

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30073

application—which was ultimately filed beyond the applicable deadline—was returned as untimely.

Simon has failed to present any factual allegations or legal arguments regarding his claims, explain his allegations, or identify an error in the district court's conclusion that his complaint should be dismissed. Moreover, he does not articulate the reason that he deserves relief, cite to legal authority, or set forth any applicable legal standards. *See* FED. R. APP. P. 28(a). While Simon has filed copies of documents that appear in the district court record, he may not incorporate by reference the content of those documents. *See Yohey*, v. *Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, he has waived any challenge to the district court's judgment. *See Brinkmann v. Dall. Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). His motion for summary judgment by default based upon the failure of Anderson to file a responsive brief is denied because the only sanction for an appellee's failure to file a brief is that she will not be heard at oral argument unless the court grants permission. *See* FED. R. APP. P. 31(c).

For purposes of the three-strikes provision of 28 U.S.C. § 1915(g), the district court's dismissal counts as a strike. *See Coleman v. Tollefson,* 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Simon has filed at least three other § 1983 complaints that have been dismissed under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. *See Simon v. Deville,* No. 1:15-CV-2789, 2016 WL 1230748 (W.D. La. Mar. 22, 2016); *Simon v. Morgan*, No. 1:15-CV-1882, 2016 WL 166091 (W.D. La. Jan. 13, 2016); *Simon v. LeBlanc*, No. 1:14-CV-2606, 2015 WL464426 (W.D. La. Feb. 3, 2015). He therefore has accumulated three strikes for purposes of § 1915(g), and he is prohibited from proceeding in forma pauperis in any civil action or appeal that

No. 16-30073

is filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

Further, we warn Simon that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988) (per curiam). Simon should review any pending appeals and actions and move to dismiss any that are frivolous.

AFFIRMED; MOTION DENIED; § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.