# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50658
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2017

Lyle W. Cayce
Clerk

ALLAN LATOI STORY,

Plaintiff-Appellant

v.

RALPH T. STROTHER, Judge; ABEL REYNA, District Attorney; SAM MARTINEZ, Attorney; STEVE JANUARY, Detective; JOHN R. VICHA; SHERRIFF PARNELL MCNAMARA,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:15-CV-370

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Allan Latoi Story, Texas prisoner # 1904264, appeals the dismissal as frivolous of his 42 U.S.C. § 1983 complaint. He moves for leave to file a supplemental brief, for leave to take discovery, and for this court to take judicial notice of the importance of discovery to his appeal. He also moves for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50658

the production of documents and for the appointment of counsel. Story's motion to supplement his brief is granted. All other motions are denied.

In his filings before this court, Story provides in depth arguments in support of his habeas claims, *i.e.*, that his conviction was obtained in violation of various federal and state constitutional and procedural rights. However, none of his filings address the district court's reasons for the district court's dismissal of his § 1983 claims. Story's failure to identify any error in the district court's analysis is the same as if he had not appealed that judgment. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Story thus has abandoned any challenge to the district court's decision dismissing his § 1983 complaint. *See Brinkmann*, 813 F.2d at 748. Accordingly, the appeal is dismissed as frivolous.

The district court's dismissal of the complaint as frivolous and this court's dismissal of the appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). The district court's dismissal of another of Story's § 1983 complaints as frivolous and for failure to state a claim also counts as a strike. *See Story v. McLennan Cnty. Jail*, No. 6:13-CV-218 (W.D. Tex. Aug. 14, 2013). Story now has accumulated three strikes and is prohibited from proceeding in forma pauperis in any civil action or appeal that is filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

Additionally, Story is WARNED that future frivolous, repetitive, or otherwise abusive filings will result in the imposition of sanctions, including

No. 16-50658

dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988). Story is advised to review any pending appeals and actions and move to dismiss any that are frivolous, repetitive, or otherwise abusive.

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED; MOTION TO SUPPLEMENT GRANTED; ALL OTHER OUTSTANDING MOTIONS DENIED.