# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40072
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT L. HEDRICK,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-715-1

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:*

A jury found Robert L. Hedrick, federal prisoner # 94886-279, guilty of one count of attempted sexual exploitation of children, one count of transfer of obscene material to a minor, two counts of distribution of child pornography, and one count of possession of child pornography; he was sentenced to 360 months in prison and a life-term of supervised release. After we affirmed Hedrick's conviction and sentence, he filed in the district court a motion for

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-40072

new trial based on new evidence.  The district court denied the motion and denied Hedrick's motion to proceed in forma pauperis on appeal (IFP), certifying that the appeal had not been brought in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Hedrick has moved this court for authorization to proceed in forma pauperis (IFP) on appeal from the denial of his new trial motion and has filed numerous motions.

The district "court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  We review the denial of a motion for a new trial for an abuse of discretion.  *United States v. Piazza*, 647 F.3d 559, 564–65 & n.3 (5th Cir. 2011).

As we have noted before, "Hedrick has a history of filing pleadings in the district court and this court raising fantastic claims centering on a wide-ranging conspiracy involving a drug cartel, federal prosecutors, law enforcement, and a federal judge arising out of an effort to frame him on child pornography charges and murder him so that the cartel could import contraband into the country using Hedrick's cargo facility."  *United States v. Hedrick*, 647 F. App'x 433, 433 (5th Cir. 2016).  The arguments raised in his new trial motion largely reiterate his previous arguments, though his conspiracy allegations now include this court and some of its employees.  Hedrick, however, failed to present any new, material evidence that if introduced at trial would have probably resulted in his acquittal of the child pornography charges.  *See Piazza*, 647 F.3d at 565.  The district court did not abuse its discretion by denying the new trial motion.  *Id.* at 565–66.

Because Hedrick has not shown the appeal involves legal points arguable on their merits, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), his motion to proceed IFP on appeal is DENIED, Fed. R. App. P. 24(a), and his

No. 17-40072

appeal is DISMISSED as frivolous, *see Baugh*, 117 F.3d at 202 & n.24; 5th Cir. R. 42.2.  All of Hedrick's other outstanding motions are DENIED.

We previously warned Hedrick that, given his filing history, any future frivolous, repetitive, or otherwise abusive filings may invite the imposition of sanctions.  *See Hedrick*, 647 F. App'x at 433–34.  Because Hedrick has not heeded our warning and continues to submit repetitive and frivolous filings, he is hereby ORDERED to pay $100 as a sanction to the Clerk of this Court. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988); *see also United States v. Judd*, 67 F. App'x 248 (5th Cir. 2003).  It is further ORDERED that Hedrick be barred from filing in this court or in any court subject to this court's jurisdiction any pleadings that challenge his underlying conviction and sentence until the sanction is paid in full.  Hedrick is CAUTIONED that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.