# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2021

Lyle W. Cayce
Clerk

No. 19-11271

Orlando M. Gutierrez,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, Director, *Texas Department of Criminal Justice, Correctional Institutions Division*; Austin State Hospital,

*Respondents—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-2394

Before Dennis, Southwick, and Engelhardt, *Circuit Judges.*

Per Curiam:*

Orlando M. Gutierrez, Texas prisoner # 0274388, moves this court for leave to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal for lack of subject matter jurisdiction of his mandamus

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

petition filed when he was a resident of Austin State Hospital.  Gutierrez's motion for the appointment of counsel is DENIED.

By moving for leave to proceed IFP on appeal, Gutierrez is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a).  Gutierrez's brief on appeal does not address the district court's reasons for its certification decision, namely that it did not have the authority to order another district court to act.  *See Baugh*, 117 F.3d at 202.  Accordingly, Gutierrez's challenge to the district court's certification decision is deemed abandoned.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Gutierrez has not shown that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  Therefore, his motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Given Gutierrez's history of frivolous filings, the district court in the Western District of Texas previously barred Gutierrez from filing any new civil actions in any federal court without first obtaining leave of that court. We reiterate that Gutierrez is BARRED from filing any future civil actions in federal court without first seeking leave from that court to do so. Furthermore, he is CAUTIONED that continued frivolous, repetitive, or otherwise abusive filings will invite the imposition of further and progressively more severe sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.  *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988) (holding that this court has the inherent power to sanction litigants for frivolous or repetitive filings).