# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2021

Lyle W. Cayce
Clerk

No. 20-40516
Summary Calendar

Joyce Ann Smith,

*Plaintiff—Appellant*,

*versus*

City of Princeton, Texas; Anne Angell, *doing business as* First Choice Towing,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CV-85

Before Stewart, Haynes, and Ho, *Circuit Judges*.

Per Curiam:*

Joyce Ann Smith appeals the district court's denial of her postjudgment motions filed after the dismissal of her 42 U.S.C. § 1983 action. The district court denied her motion to proceed in forma pauperis (IFP) on

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

appeal and certified that her appeal was not taken in good faith. Her motion to proceed IFP is construed as a challenge to the district court's certification decision that her appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Despite that the magistrate judge notified Smith of the requirement to file objections to the report and recommendation within 14 days, Smith failed to object; thus, our review of the district court's denial of her motions is for plain error. *See Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017). To show plain error, Smith must show a forfeited error that is clear or obvious and that affects her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, we have the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Smith has failed to show that she has a nonfrivolous argument that the district court plainly erred in denying her postjudgment motions. *See Howard*, 707 F.2d at 220. Accordingly, her motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24. The City's motion for attorneys' fees is DENIED.

In addition, Smith is CAUTIONED that frivolous, repetitive, or otherwise abusive filings will invite the imposition of other sanctions, which may include dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction.

No. 20-40516

*See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988) (explaining that federal courts have the inherent power to sanction litigants for frivolous or repetitive filings).  She should also review any pending actions or appeals and move to dismiss any that are frivolous.