# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 21-60864
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 22, 2023

Lyle W. Cayce
Clerk

CHAKAKHAN R. DAVIS,

*Plaintiff—Appellant*,

*versus*

WAL-MART STORES EAST, L.P.,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CV-375

———————————————————————

Before KING, SMITH, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

In 2014, Chakakhan R. Davis, proceeding pro se, filed a civil complaint alleging that, due to the negligence of the defendants, she was injured while shopping in a Wal-Mart store. Although she initially was allowed to proceed in forma pauperis (IFP), the district court later found that Davis had been deceptive regarding her ability to pay costs and dismissed her complaint. We

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 21-60864

dismissed Davis's appeal in 2016.  A 2018 Federal Rule of Civil Procedure 60 motion was denied by the district court, and we dismissed her appeal from the denial of that Rule 60 motion in February 2020.

In November 2020, Davis filed another Rule 60 motion in the district court; she argued that her IFP pleadings had not been dishonest or deceptive, that the defendants and district court had engaged in fraud to dismiss her complaint, and that she had been allowed to proceed IFP in other cases.  The district court denied the motion, stating that it lacked any legitimate factual or legal basis.  Davis then filed a Federal Rule of Civil Procedure 59 motion, which the district court also denied.  She appealed.  The district court denied leave to proceed IFP on appeal because Davis had failed to submit an updated application or financial affidavit.

Davis now moves in this court for leave to proceed IFP on appeal. FED. R. APP. P. 24(a)(5).  To proceed IFP, a litigant must demonstrate both financial eligibility and a nonfrivolous issue for appeal.  *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  An appeal presents nonfrivolous issues when it raises legal points that are arguable on the merits.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  If an appeal is frivolous, we may dismiss it sua sponte. 5TH CIR. R. 42.2; *see Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997).  Davis also has filed a motion to expedite the consideration of her IFP motion.

In her appellate brief, Davis asserts that her post-judgment motions presented new clear and convincing evidence of the defendants' fraud. However, this new evidence consists of the fact that she was granted leave to proceed IFP in other cases, including one case involving the same district court judge who dismissed the instant complaint.  We have reviewed the arguments in Davis's brief, and we conclude that none of them "involves legal points arguable on their merits."  *Howard*, 707 F.2d at 220.  Because

No. 21-60864

Davis has not shown that she will raise any nonfrivolous issues on appeal, her IFP motion is DENIED, and this appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Her motion for an expedited ruling also is DENIED.

As noted above, since our dismissal of Davis's initial appeal in 2016, she has filed two Rule 60 motions, a Rule 59 motion, and two more appeals in connection with this case. Davis is WARNED that future unauthorized, repetitive, or frivolous filings in this court or any court subject to this court's jurisdiction may subject her to sanctions. *See Coghlan v. Starkey*, 852 F.2d 806, 817 (5th Cir. 1988).